In the Matter of the **WINGREEN COMPANY**, Debtor.

**UNITED STATES of America,**
Appellant,

v.

**J. H. BROCK, as Trustee for the Wingreen Company, Appellee.**

No. 27236.

United States Court of Appeals
Fifth Circuit.

July 2, 1969.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., William A. Meadows, U. S. Atty., Miami, Fla., Lester Uretz, Chief Counsel, I.R.S., Washington, D. C., for appellant.

Irving M. Wolff, Miami, Fla., for appellee.

Before GEWIN, BELL and DYER, Circuit Judges.

DYER, Circuit Judge:

This is an appeal from an order entered by a Chapter X reorganization court[1] directing the Internal Revenue Service to audit the debtor's financial books and records to determine whether the debtor had a net operating loss carryover and, if so, the amount and the period of time to which the loss may be carried over. The appellant argues that the District Court had no jurisdiction to enter the order. The appellee rejoins that we have no jurisdiction to entertain this appeal. We agree with the former, disagree with the latter, and reverse.

On January 24, 1966, the debtor[2] filed a voluntary petition for corporate reorganization under Chapter X of the Bankruptcy Act. The debtor's tax return showed an accumulated net operating loss as of December 31, 1967, of $2,429,687.05. The trustee in reorganization liquidated all of the debtor's holdings except the Ramada Inn at Cocoa Beach, Florida, appraised at $2,200,000. The United States filed a timely proof of claim amounting to $126,778.95 for income withholding, F.I.C.A. and F.U.T.A. taxes owed by the debtor for 1965 and 1966.

The trustee has informally proposed a plan of reorganization, although it has not been presented to the court or to the Government for approval. One of the important features of the trustee's proposed plan is a provision by which the continuing and reorganized corporation could take advantage of the debtor's net operating loss of two and one-half million dollars. By letter of April 22, 1968, the trustee requested a ruling by the Internal Revenue Service on the amount and availability of any tax loss carryover, but the Service responded that the matter was then under study and that no ruling would be made.

On July 12, 1968, the trustee petitioned the District Court for a rule directing the Internal Revenue Service to show cause whether, under the proposed plan of reorganization the continuing and reorganized corporation would have available to it the full tax loss carry forward benefits available to the debtor or a lesser benefit, and whether the ruling would be binding on the Service. Over opposition by the Government the District Court entered an order in the nature of mandamus requiring the Service, within forty-five days, to audit the debtor's books and records to determine the amount, extent and duration of tax loss carryover, if any. The Government appealed.

Initially we dispose of the trustee's attack upon our jurisdiction to hear this appeal under section 24 of the Bankruptcy Act, 11 U.S.C.A. § 47.[3] Under section 24 this Court is invested with discretionary jurisdiction over appeals from orders of a reorganization court which involve less than $500. "As to orders involving $500 or more, appeal is as of right if the order is *final*. If the order is *interlocutory*, appeal may be as of right or only upon allowance by the court (or not at all)." Farrar, *The Appealability as of Right of Interlocutory Discovery Orders in Bankruptcy*, 23 U. Miami L. Rev. 366, 367 (1969).[4]

---

1. Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

2. The Wingreen Company, a corporation engaging in the development of real estate for motel use.

3. The provisions of section 24 are, where not inconsistent with Chapter X, applicable to reorganization proceeding appeals. *See* section 121 of the Act, 11 U.S.C.A.

§ 521. *See also* 2 Collier on Bankruptcy, ¶ 24.45 (1969); 6 Collier on Bankruptcy ¶ 3.40 (1969).

4. Section 24 reads in pertinent part as follows:

The United States courts of appeals * * * are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdic-

■ The trustee argues that the instant order is an interlocutory order entered in a "controversy in bankruptcy"[5] which is not appealable as of right because it lacks sufficient finality. We disagree. The instant order is in the nature of mandamus or of a mandatory injunction requiring the Internal Revenue Service to perform certain acts. We believe that the order thus has sufficient "definitive operative finality", Georgia Jewelers, Inc. v. Bulova Watch Co., 5 Cir. 1962, 302 F.2d 362, 364, to be appealable under section 24, if not also under 28 U.S.C.A. § 1292(a) (1) as an interlocutory order granting an injunction. Cf. Digital Data Systems, Inc. v. Carpenter, 5 Cir. 1967, 387 F.2d 529; Board of Pub. Instruction v. Braxton, 5 Cir. 1964, 326 F.2d 616.[6]

■ Turning now to the merits, we hold that the District Court had no jurisdiction to enter the order. The order directs a ruling by the Internal Revenue Service on the relationship of the Bankruptcy Act and the Internal Revenue Code, including a determination of the tax consequences of a proposed plan of reorganization regarding the availability to a hypothetical continuing and reorganized corporation of a possible net operating loss carryover *in futuro*. This in effect constitutes an attempt by the trustee to receive a declaratory judgment, yet there is no "actual controversy" between the Service and any taxpayer, Jolles Foundation, Inc. v. Moysey, 2 Cir. 1957, 250 F.2d 166, and the District Court is specifically precluded from entering a declaratory judgment "with respect to Federal taxes * * *." 28 U.S.C.A. § 2201; Carmichael v. United States, 5 Cir. 1957, 245 F.2d 676.

■ ■ Viewing the order as one in the nature of mandamus or as a mandatory injunction we again conclude that the District Court was without jurisdiction to enter it. An action in the nature of mandamus requires the existence of a specific duty owed to the plaintiff, 28 U.S.C.A. § 1361; Wilson v. Wilson, 4 Cir. 1944, 141 F.2d 599. Clearly the Internal Revenue Services owes no duty to the trustee to make the determination he here seeks, nor do sections 601.109 or 601.201 of the Procedural Rules of the Commissioner of Internal Revenue impose upon the Service a clear duty to make the requested ruling. Cf. Luhring v. Glotzbach, 4 Cir. 1962, 304 F.2d 560. Additionally, the United States did not give its consent to be sued on unrelated matters by filing a proof of claims for taxes owed by the debtor. United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; In re Greenstreet, Inc., 7 Cir. 1954, 209 F.2d 660.

The Disrtict Court was without jurisdiction to enter the order directing the Internal Revenue Service to audit the debtor's books and determine possible tax loss carryover consequences. The order is therefore reversed and the cause remanded with directions to dismiss the proceedings for lack of jurisdiction.

Reversed and remanded.

---

tions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact * * *.

5. For a discussion of the technical distinction between "proceedings" in bankruptcy and "controversies" in bankruptcy proceedings, *see* 2 Collier on Bankruptcy ¶¶ 24.01–24.45 (1969); Farrar, *supra* at 368–75.

6. The trustee apparently does not question the fact that the District Court's order "involves" $500 or more within the meaning of section 24. *See* Robertson v. Berger, 2 Cir. 1939, 102 F.2d 530, 531. *See also* In re Winton Shirt Corp., 3 Cir. 1939, 104 F.2d 777, 779–780; Farrar, *supra* at 375–376.