**Orlan A. SAUCKE**

**v.**

**FEDERAL TRADE COMMISSION.**

**Civ. A. No. 15091.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 22, 1971.

---

6. Section 215 of the Social Security Act, 42 U.S.C. § 415, sets out the tables for determining the primary insurance amount and the maximum family benefits payable under section 203(a), 42 U.S.C. § 403(a).

Orlan A. Saucke, pro se.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., Joseph Martin, Jr., Gen. Counsel, Harold D. Rhynedance, Jr., Asst. Gen. Counsel, Robert E. Duncan, Atty., F. T. C., Washington, D. C., for F. T. C.

## ORDER

EDENFIELD, District Judge.

This is the first of four pro se mandamus petitions which have been filed by plaintiff. Two of the petitions relate to problems growing out of plaintiff's personal financial affairs.[1] The other petitions relate to plaintiff's eviction from his former residence [2] and his subsequent inability to find suitable housing through a federal agency.[3] While plaintiff may in fact have some serious legal problem, the complaints presented to this court simply do not invoke the jurisdiction of a federal court, nor do they state any claim upon which a federal court could grant relief.

In this action plaintiff requests mandamus relief requiring the Federal Trade Commission to seize certain records relevant to plaintiff's financial status. These records are in the possession of various credit bureaus in Georgia, Iowa, Minnesota, and Wisconsin, and allegedly contain erroneous credit information which is damaging to plaintiff. The FTC has moved to dismiss the petition.[4]

---

1. This action and Civil Action No. 15669.

2. Civil Action No. 15591.

3. Civil Action No. 15670.

4. Subsequent to the filing of defendant's motion to dismiss plaintiff informally contacted the court regarding his cases and was advised that his petitions did not appear to set forth a federal cause of action. The court informed plaintiff that prior to any ruling on the sufficiency of his petitions, he would be given an opportunity to obtain counsel and file any additional documents which he wished the court to consider. Plaintiff has responded by requesting appointment of counsel and filing an amendment. The request for appointment of counsel is denied and the amendment fails to cure plaintiff's fatally defective petition. The amendment contains a vague allegation that plaintiff is under the jurisdiction of a federal agency. While the purpose of this allegation is unclear, it clearly does not establish federal jurisdiction. Furthermore, even assuming that the amendment states a claim under subchapter III of the Consumer Credit Protection Act (15 U.S.C. § 1681 et seq.), such an action may not be maintained against the FTC, which is the only named defendant.

It is well settled that an action in the nature of mandamus requires the existence of a specific duty owed to plaintiff. *E. g.*, In re Wingreen Co., 412 F.2d 1048 (5th Cir. 1969). No such duty is alleged in this action and it clearly appears that no such duty exists. The exercise of enforcement powers by the FTC is not only discretionary but is applicable only in cases of public interest. 15 U.S.C. §§ 45, 46, and 1681s. Such being the case, mandamus is not available to compel the exercise of FTC investigative powers particularly where plaintiff seeks to have the FTC assist him in his personal financial affairs. FTC v. Klesner, 280 U.S. 19, 50 S.Ct. 1, 74 L.Ed. 138 (1929); Stancato v. Department of Justice and FTC, Civil Action No. 69–1378 (D.C.Cal., Aug. 14, 1969).

Therefore, defendant's motion to dismiss is granted and the Clerk is directed to dismiss plaintiff's petition for failure to state a claim upon which relief can be granted.

It is so ordered.