In the Matter of The **WINGREEN COM-
PANY** et al., Debtors.

**John H. GUNN** et al., Appellants,

v.

**Joseph BROCK,** Trustee in Reorganiza-
tion, Appellee.

No. 71–1805.

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1971.

---

John H. Gunn, Robert E. Venney, James F. Pollack, Gunn & Venney, Miami, Fla., for appellants.

Irving Mark Wolff, Miami, Fla., for appellee.

Karl Schmeidler, Atty., Johnnie M. Walters, Asst. Atty. Gen., Meyer Roth-

wacks, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., for the United States; Robert W. Rust, U. S. Atty., Vincent K. Antle, Asst. U. S. Atty., of counsel.

Before GEWIN, BELL and DYER, Circuit Judges.

PER CURIAM:

The appellants who are attorneys for the debtors complain of an order of the district court denying additional fees for their services in a consolidated reorganization proceeding involving three corporations. We find no evidential vacuum or clear error in the findings and conclusions of the district court and affirm.

These proceedings were commenced in January 1966 when three petitions for corporate reorganization under Chapter X of the Federal Bankruptcy Act were filed. The petitions were consolidated and administered by the Reorganization Court. The proceedings have substantially, but not finally, concluded the administration and liquidation of the three debtor corporations.[1]

The order from which this appeal is taken was entered on January 21, 1971, almost five years after the proceedings were commenced. The appellants were initially paid a $10,000 retainer fee by the debtors. There is no showing in the record that counsel made any representation whatever to the district court that their services were necessary or beneficial to the estate until the court entered an order with respect to final applications for the allowance of fees. That order was entered on the court's own motion on September 9, 1970. The court stated:

[T]his Court without notice and without hearing will review the said applications and the objections thereto, if any, and will either allow in such amounts as it deems advisable or deny

---

1. This court has previously considered other aspects of these proceedings. In re Wingreen Co., United States v. Brock, 412 F.2d 1048 (5th Cir. 1969); In re

Wingreen Co., 405 F.2d 435 (5th Cir. 1968); Massachusetts Mutual Life Ins. Co. v. Brock, 405 F.2d 429 (5th Cir. 1968).

any allowance (of fees and reimbursement of costs).

Moreover, the order noted that the court had reviewed the files in the cause and was familiar with the proceedings.[2]

The petition for the allowance of additional compensation for the appellants was made pursuant to this order of the court and no hearing was requested. In accordance with the court's directive the petition for additional fees set forth a detailed summary of all services claimed to have been rendered including: (a) institution of the proceedings, (b) collateral litigation, (c) administration of the estate, (d) appeals, (e) claims filed and (f) miscellaneous services.

In the order denying the petition for additional attorneys' fees the court again took note of its familiarity with the proceedings involved.[3] It observed that at the outset of the proceedings wherein the debtors were seeking to reorganize under Chapter X of the Bankruptcy Act it appeared that the financial condition of the debtors would require the court to liquidate their respective holdings and "in effect the court did liquidate the said estates." The court recognized the competent services rendered by the appellants but concluded that the $10,000 retainer was sufficient compensation for the services rendered by counsel for the debtors, and accordingly denied any additional attorneys' fees.

From a careful examination of the record, the briefs of the parties and the contentions asserted on oral argument, it is our opinion that the district judge did not abuse his discretion in denying these appellants further compensation and its judgment must be affirmed.[4]

2. In its order the court stated:
   This Court on its own motion, subsequent to reviewing the files in this case and on the contents thereof, and in accordance with the Court's familiarity with these proceedings, deems it essential that it enter its order directing various and certain parties, who have not been previously barred from so doing, to make applications for allowance of fees and reimbursement of expenses and costs.

3. The district judge who denied the appellants' application for additional fees is the same judge who has presided over the administration of the estate and he was evidently familiar with the entire proceedings.

4. See 6A Collier on Bankruptcy, (14th ed.) pages 916–18. See also Calhoun v. Hertwig, 363 F.2d 257 (5th Cir. 1966); Campbell v. Green, 112 F.2d 143 (5th Cir. 1940).