**NATIONAL ASSOCIATION OF MANUFACTURERS, Plaintiff,**

v.

**W. Michael BLUMENTHAL et al., Defendants.**

Civ. A. No. 78–874.

United States District Court, District of Columbia.

March 7, 1979.

Richard D. Godown, Paul R. Huard, Washington, D. C., for plaintiff.

John M. Cunningham, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff, a trade association exempt from taxation under 26 U.S.C. § 501(c)(6), seeks declaratory and injunctive relief from the enforcement of Internal Revenue Service Code § 162(e)(2)(B) and Revenue Rulings 78–111 through 114. These provisions permit the Internal Revenue Service to assess and collect from plaintiff's members, as well as all other taxpayers, portions of membership fees and amounts disallowed as tax deductions by reason of restrictions on the deductibility of expenses related to "grassroots" lobbying. The matter is now before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction.

■ The Anti-Injunction Act, 26 U.S.C. § 7421(a), upon which defendants rely, contains a sweeping prohibition against the bringing of suits for the purpose of restraining the assessment or collection of any tax. In construing this statute, the Supreme Court has held that a plaintiff seeking injunctive relief with respect to the assessment or collection of taxes can avoid dismissal under this section only upon satisfaction of a stringent two-part test: (1) that under no circumstances could the Government ultimately prevail, and (2) that a basis for equity jurisdiction exists. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

■ A determination under the first prong of the test, must be based on information available at the time of the suit and on the most liberal view of law and facts. First Amendment challenges to administrative regulations barring the deductibility as business expenses of costs of "grassroots" lobbying have been previously rejected by the Supreme Court in the case of *Cammarano v. United States*, 358 U.S. 498, 79 S.Ct. 524, 3 L.Ed.2d 462 (1959). Additionally, the governmental interests found by the Court in that case to exist arguably provide a reasonable basis for the prohibitions against deducting these expenses in satisfaction of the equal protection requirements of the Fifth Amendment. *Id.* Consequently, it is clear that because the position of the Government at issue in the instant case has a basis in law and is maintained in good faith, plaintiff cannot satisfy the first prong of the *Williams Packing* test. *Enochs v. Williams Packing Co., supra*, 370 U.S. at 7, 82 S.Ct. 1125. *See also, Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

Plaintiff contends that it has no other means of obtaining judicial review and, as such, lacks an adequate legal remedy; therefore, it should be permitted to maintain this suit under the due process exception to the Anti-Injunction Act recently recognized by this jurisdiction in *Investment Annuity v. Blumenthal*, 437 F.Supp. 1095 (D.D.C.1977).

■ It is well established that the manifest purpose of this Act is to require, whenever possible, that the legal right to disputed tax funds be litigated in a refund or Tax Court suit. Further, the irreparable injury that a plaintiff unable to bring such a suit might incur as a result of the more prolonged and circuitous route of third party litigation is not a pertinent consideration in determining whether a third-party suit would afford such a plaintiff an adequate legal remedy. *Investment Annuity v. Blumenthal, supra* at 1101; *Enochs v. Williams Packing & Navigation Co., supra*, 370 U.S. at 6–7, 82 S.Ct. 1125; *Bob Jones University v. Simon, supra*, 416 U.S. at 745–47, 94 S.Ct. 2038; *Alexander v. Americans United, Inc.*, 416 U.S. 752, 759, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974).

In the *Investment Annuity* case, Judge Richey reluctantly concluded that the mo-

tion to dismiss should be denied only after the evidence demonstrated that the plaintiff had made all good faith efforts to start a friendly third party suit, but, because of a grandfather clause in the challenged revenue rulings, had been totally unable to do so. *Id.,* 370 U.S. at 1102–3, 82 S.Ct. 1125. Plaintiffs have made no such showing in the instant case. Furthermore, it is evident here, as in the case of *International Telephone & Telegraph Corp. v. Alexander,* D.C., 396 F.Supp. 1150 (1975), that the plaintiff has access to judicial review in a number of ways: amicus curiae; intervention; and friendly taxpayer-member suits, filed in Tax Court or as a refund action in the federal court or Court of Claims. Thus, plaintiff's request for injunctive relief is barred on the grounds that, because there is an adequate legal remedy and no irreparable injury, the second prong of the *Williams Packing* test is not satisfied and that the due process exception recognized in the *Investment Annuity* decision is not invoked.

The federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act and exists for the same purpose. *See, Bob Jones University v. Simon, supra,* 416 U.S. at 733 n.7, 94 S.Ct. 2038. Consequently, plaintiff's request for declaratory relief, which is manifestly with respect to federal taxes, is also barred. *Jolles Foundation v. Moysey,* 250 F.2d 166 (2nd Cir. 1957); *In Re Wingreen Co.,* 412 F.2d 1048 (5th Cir. 1969).

Accordingly, defendants' motion to dismiss is granted.