LINDE HOMECARE MEDICAL SYS-
TEMS, INC. et al., Plaintiffs,

v.

Patricia R. HARRIS, Secretary, United
States Department of Health, Educa-
tion, and Welfare et al., Defendants.

No. 79–851 Civ–J–B.

United States District Court,
M. D. Florida,
Jacksonville Division.

Nov. 9, 1979.

Thomas C. Fox, Elizabeth B. Carder, Washington, D.C., Alan B. Vlcek, Mercer K. Clarke, Jacksonville, Fla., for plaintiffs.

Ernst D. Mueller, Asst. U.S. Atty., Jacksonville, Fla., for defendants.

## OPINION

SUSAN H. BLACK, District Judge.

This cause is before the Court on plaintiffs' Motion for Preliminary and Permanent Injunction and Petition for Writ of Mandamus. A trial was held on October 11, 1979, at which time the Court heard testimony and argument of counsel. The Court, upon plaintiffs' motion, granted leave for both parties to file subsequent memorandum of law.

Plaintiffs request that this Court declare invalid and enjoin the implementation of defendants' newly formulated policy (herein referred to as "the policy") which limits Medicare reimbursement for oxygen and oxygen equipment used in the home. The policy, limiting reimbursement to the "most economical method of oxygen delivery appropriate for the individual patient's medical needs and level of oxygen consumption," was announced in Volume 11, No. 1, "Medicare Notes," August, 1979, with an effective date of October 1, 1979. Pursuant to the policy, all oxygen charges in excess of the limitations set therein are to be denied at the initial claims processing level. However, review will be available upon a request accompanied by medical evidence supporting the need for an alternate method of oxygen delivery. The defendants agreed to postpone enforcement of the policy until a decision is reached in this case.

The initial question for this Court is whether there exists a "case or controversy" within the meaning of Article III of the United States Constitution. While justiciability of cases or controversies is an imprecise concept for use by the courts, *International Tape Manufacturers Association v. Gerstein,* 494 F.2d 25, 28 (5th Cir. 1974), it is generally stated that a controversy is justiciable when it is "definite and concrete, touching the legal relations of parties having adverse legal interests . . . (and is) a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (citations omitted). Immediate injury capable of a definitive resolution must be revealed so as to avoid the litigation of abstract or hypothetical issues. *Poe v. Ullman,* 367 U.S. 497, 503–05, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).

In the instant case not one of the plaintiff-patients has, as yet, submitted, much less been denied, a claim for reimbursement under the policy. The policy reflects a belief that *usually* the use of oxygen concentrators for those high-volume oxygen users is the most economical method, and thus all charges exceeding the limitation are to be denied at the initial claims processing level. The policy, however, provides for a review of a reimbursement award when a request for review is accompanied by medical evidence. Thus, there is no certainty that the plaintiffs will ultimately be denied reimbursement even when their claim exceeds policy limitations.

Consequently, a judicial determination, at this time, of the issues presented would be premature as plaintiffs have failed to show that the challenged policy has been or will be enforced *to their detriment.* As plaintiffs' allegations are assumptions only, the Court cannot possibly enter a decree of conclusive nature enjoining the defendants from acting in a manner which may never materialize. The Court finds that the con-

troversy between the parties is not yet ripe for adjudication.

■ Even if this cause were ripe for adjudication, there is the further question of whether the plaintiffs have exhausted available administrative remedies. With respect to this issue, the instant case is remarkably similar to *Pacemaker Monitor Corporation v. United States Government*, 440 F.Supp. 473 (S.D.Fla.1977). In *Pacemaker*, suit was brought by a supplier of durable medical equipment to obtain judicial review of a determination made by the Department of Health, Education and Welfare pursuant to the Medicare Act, 42 U.S.C. § 1395*l*(f). At plaintiff's request, the Department had established an allowable reimbursement rate for the rental and sale of plaintiff's product, the Pacemaker Monitoring Device. Plaintiff, believing that the rate established was too low to allow production of the equipment, protested the determination, sought, and later received review within the agency. Unhappy with the outcome of the review, plaintiff brought suit in federal district court on two due process claims. Although the Court in its original opinion, *Pacemaker, supra*, accepted jurisdiction, the Court later dismissed the case without prejudice to refile upon completion of the administrative remedies. *Pacemaker Monitor Corporation v. United States Government*, No. 77–807–Civ–JLK (S.D.Fla. May 12, 1978). The Court concluded in *Pacemaker* that the plaintiff failed to pursue the administrative remedies available prior to filing the action. The plaintiffs in this case are in an identical posture, having failed to pursue their administrative remedies prior to filing this action.

As an alternate basis for jurisdiction, plaintiffs claim that the Court may hear this action pursuant to 28 U.S.C. § 1361 (1970). Specifically, plaintiffs seek the issuance of a writ of mandamus compelling the defendants to adhere to the reasonable charge methodology provided in the Medicare Act.

■ Mandamus is an extraordinary remedy to be resorted to only when the right to such relief is clear and compelling. *United States v. Denson*, 588 F.2d 1112, 1127–28 (5th Cir. 1979). Its issuance, which is a matter committed to judicial discretion, must be based upon the existence of three essential elements: a clear right in the plaintiff to the relief sought; a clear duty on the defendant's part to do the act at issue; and the absence of an adequate alternative remedy. *Winningham v. United States Department of Housing and Urban Development*, 512 F.2d 617, 620 (5th Cir. 1975) quoting from *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970). Consequently, only in extraordinary cases in which an official's actions are clearly illegal, arbitrary, and capricious will a writ of mandamus be utilized to disturb the officer's determinations. *See, Association of American Medical Colleges v. Califano*, 186 U.S.App.D.C. 270, 569 F.2d 101, 110–11, n. 80 (D.C. Cir. 1977). *Accord, Cervoni v. Secretary of Health, Education and Welfare*, 581 F.2d 1010, 1019 (1st Cir. 1978).

■ The three essential elements are not present in this case. It is not at all obvious that plaintiffs have a clear right to the performance that has been demanded. Additionally, the Court is not convinced that defendants have acted in a clearly illegal manner in formulating a reimbursement scheme or that a plain departure from statutory procedures has occurred. The Court's hesitation lies, in part, in the absence of a justiciable claim. Further, the plaintiffs have not exhausted their administrative remedies and, therefore, have an adequate alternative remedy. Finally, even assuming jurisdiction under 28 U.S.C. § 1361, no extraordinary circumstances compel this Court to intervene.

For the foregoing reasons, the Court will on this date enter final judgment in accordance with this opinion.