**Eric G. RUSH and Sharaveen L. Rush, Plaintiffs,**

v.

**MACY'S NEW YORK, INC., d/b/a Macy's, a New York corporation, Credit Bureau, Inc., a Georgia corporation, and Federal Trade Commission, Defendants.**

**No. 84–1166–Civ–GONZALEZ.**

United States District Court, S.D. Florida, N.D.

Nov. 14, 1984.

Henry A. Edgar, Jr., Miami, Fla., for plaintiffs.

Eric Meyers, Shutts & Bowen, Miami, Fla., for defendant, Macy's.

Earl D. Waldin, Jr., Smathers & Thompson, Miami, Fla., for defendant, Credit Bureau, Inc.

Leslie Rice Melman, F.T.C., Washington, D.C., and Patricia D. Kenny, Asst. U.S. Atty., Miami, Fla., for F.T.C.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the respective Motions to Dismiss filed by the defendants, Macy's New York, Inc. and the Federal Trade Commission.

The plaintiffs assert claims for violations of Sections 616 and 617 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C., sections 1681n, 1681o (1983), against the defendants, Macy's New York, Inc. ("Macy's") and the Credit Bureau, Inc. ("CBI"). These asserted violations stem from an allegedly erroneous credit report prepared by CBI from information provided, in part, by Macy's. This report contained an "R–9" designation next to the Macy's credit balance. This designation is the poorest credit rating assigned to a consumer. The plaintiffs maintain that the failure of these defendants to correct the credit report caused their denial of additional credit from other retail establishments.[1]

The plaintiffs further contend that the defendant, the Federal Trade Commission ("FTC"), refused to enforce the applicable provisions of the FCRA by ignoring their pleas for assistance. The plaintiffs, therefore, seek mandamus, declaratory and injunctive relief.

Macy's argues that it is not a credit reporting agency, did not issue a consumer report and did not negligently or willfully fail to comply with the FCRA. It therefore is not liable for any alleged harm inuring to the plaintiffs. This Court agrees.

█ The purpose of the FCRA is to assure consumers that reporting agencies use reasonable procedures for collecting, using

---

1. Although the plaintiffs allege violations of their fifth and fourteenth amendment rights to obtain credit, this court finds neither statutory nor case authority supporting this position.

and disseminating credit information. 15 U.S.C. § 1681(b). Civil liability, however, may be imposed only on a consumer reporting agency or a user of reported information who willfully or negligently violates the FCRA. 15 U.S.C. §§ 1681n and 1681o. By merely providing credit information, Macy's cannot be classified as a "user of information." For liability under the FCRA, Macy's must fall within the definition of a "consumer reporting agency."

Title 15 U.S.C., section 1681a(f) defines a "consumer reporting agency" as follows:

> ... any person which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

In *Porter v. Talbot Perkins Children's Services*, 355 F.Supp. 174, 176 (S.D.N.Y. 1973), the court analyzed section 1681a(f) and delineated four elements necessary for establishing a "consumer reporting agency" under the FCRA;

> [T]his definition contains four links. (1) The consumer reporting agency must act for monetary fees, dues or on a cooperative non-profit basis; (2) it must regularly engage in whole or in part in gathering or evaluating information on consumers; (3) the purpose of such activity must be the distribution of information to third parties engaged in commerce; and (4) the agency must use a facility of interstate commerce to prepare or distribute the reports.

The court then applied these elements and determined that an adoption agency was not a consumer reporting agency. In *Todd v. Associated Credit Bureau Services,*

*Inc.*, 451 F.Supp. 447 (E.D.Pa.1977), the court applied the *Porter* analysis and determined that a department store that merely provided information to a credit reporting agency was not itself a credit reporting agency.

◼ In the instant case, the plaintiffs fail to allege any elements necessary for determining Macy's status as a consumer reporting agency. They merely allege that Macy's is a department store that furnished credit information to CBI. "Parties who do no more than furnish information are simply not covered by these sections [sections 1681n and 1681o] of the FCRA." *Mitchell v. First National Bank of Dozier,* 505 F.Supp. 176, 177 (M.D.Ala.1981). See, *Todd v. Associated Credit Bureau Services, Inc., supra.* Thus, relief under the FCRA is not available.[2]

◼ The plaintiffs seek mandamus and other relief forcing FTC intervention into their private financial affairs. Mandamus is available only when a governmental agency has a duty to act on behalf of an individual. *In re Wingreen Co.*, 412 F.2d 1048 (5th Cir.1969); *Carter v. Seamans,* 411 F.2d 767 (5th Cir.1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970); *Linde HomeCare Medical Systems, Inc. v. Harris*, 479 F.Supp. 1033 (M.D.Fla.1979). No such duty is alleged by the plaintiffs. Further, the FTC exercises its enforcement powers in a discretionary manner. *Moog Industries, Inc. v. FTC,* 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370 (1958). Additionally,

> [T]he Commission acts only in the public interest and does not initiate an investigation or take other action when the alleged violation of law is merely a matter of private controversy and does not tend adversely to affect the public.

16 C.F.R. § 2.3 (1984). See, 15 U.S.C. § 45(b); *FTC v. Klesner*, 280 U.S. 19, 50

---

2. Had Macy's been a consumer reporting agency, its consumer reports then would have to comply with the FCRA. The term "consumer report", however, does not include "any report containing information solely as to transactions or experiences between the consumer and the

person making the report." 15 U.S.C. § 1681a(d)(A). By merely providing CBI information regarding transactions or experiences between Macy's and the plaintiffs, Macy's did not issue a consumer report. Thus, Macy's actions would not have violated the FCRA.

S.Ct. 1, 74 L.Ed. 138 (1929); *Saucke v. FTC,* 333 F.Supp. 1197 (N.D.Ga.1971). Thus, FTC assistance with a purely private financial problem is unavailable.[3]

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motions to Dismiss filed by the defendants, Macy's and the FTC, be and the same are GRANTED. The Complaint, as to these defendants, is DISMISSED with prejudice.

3. The plaintiffs also sought the production of an Agreement or Cease and Desist Order entered by the FTC. A copy of the Order now has been provided to plaintiffs' counsel. Therefore, assuming that the plaintiffs had a cause of action relevant to this issue, it is moot.