775 F.2d 1554
 Eric RUSH and Sharaveen L. Rush, Plaintiffs-Appellants,
v.
MACY'S NEW YORK, INC., d/b/a Macy's, a New York Corp., and
the Credit Bureau, Inc. (CBI), a Georgia Corp.,
and the Federal Trade Commission,
Defendants- Appellees.
 No. 84-5966
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 15, 1985.
 Henry A. Edgar, Jr., Miami, Fla., for plaintiffs-appellants.
 Shutts & Bowen, Eric B. Meyers, Miami, Fla., for Macy's.
 Patricia Kenny, Asst. U.S. Atty., Miami, Fla., Leslie Melman, F.T.C. Washington, D.C., for FTC.
 Appeal from the United States District Court for the Southern District of Florida.
 Before JOHNSON and HENDERSON, Circuit Judges, and ALLGOOD*, District Judge.
 JOHNSON, Circuit Judge:
 
 
 1
 This is an appeal from an order dismissing (1) an action filed by Mr. and Mrs. Rush against Macy's New York charging violation of the Fair Credit Reporting Act, 15 U.S.C.A. Sec. 1681 et seq. (FRCA), and (2) an action by the same parties against the Federal Trade Commission (FTC) seeking a writ of mandamus for enforcement of the Act. A related suit against the Credit Bureau, Inc. (CBI) is not affected by this order. We AFFIRM the district court's dismissal of both actions. Since we find that this suit was frivolous, we also impose SANCTIONS of double costs and reasonable attorney's fees for Macy's and the FTC against appellants under Fed.R.App.P. 38, and we REMAND to the district court for the award of costs and reasonable attorney's fees to Macy's and the FTC under Fed.R.Civ.P. 11.
 
 
 2
 I. Facts and proceedings below.
 
 
 3
 The Credit Bureau, Inc. (CBI) maintains credit records on consumers, the Rushes among them. On one such report the Rushes, residents of New Jersey, found an "R-9" credit rating (the lowest possible) next to the entry for their Macy's account, although the report showed that their Macy's balance was zero. This poor credit rating allegedly caused the Rushes to be denied credit on several occasions. In 1984 they filed the complaint at issue in this case charging that in generating this report Macy's and CBI willfully and negligently failed to comply with the FRCA, which regulates credit reporting, and, further, that appellees' conduct violated the Fifth and Fourteenth Amendments to the United States Constitution "since they [the Rushes] have a property interest in their credit standing in the community." Appellees also sought a writ of mandamus under 28 U.S.C.A. Sec. 1361 against the FTC to compel it to deliver to them copies of other court orders against Macy's and to require it to take up the Rushes' cause against both other defendants.
 
 
 4
 The district court, 596 F.Supp. 1540, granted motions to dismiss by Macy's and the FTC against the Rushes for failure to state a claim, with prejudice. Appellants filed no opposition to these motions, but after the order was entered they now appeal the dismissal to this Court.
 
 
 5
 II. Issues and discussion.
 
 
 6
 There is considerable confusion in the briefs for both parties as to what precisely is being appealed. Courts ordinarily look first to the parties that file the appeal--the Rushes, in this case--to discover what is at issue, understandably assuming them to know why and what they are appealing. In this case that assumption is perhaps too generous.
 
 
 7
 The Rushes appear to ask this Court for permission to amend their complaint to allege "defamation, invasion of privacy or negligence as to false and misleading information furnished with malice or with willful intent to injure the customer" pursuant to FCRA Sec. 1681h(e). Alternatively, the Rushes seem to argue that the district court should be made to hear their "state claims" on diversity grounds, even if their federal cause of action is dismissed.
 
 
 8
 The latter argument is frivolous: the court cannot hear state claims if there are not any, and none is alleged at any point in the Rushes' complaint. The former request to amend is simply misdirected. "It is generally agreed that when an actual judgment has been entered dismissing the action, the plaintiff's right to amend as a matter of course is terminated and he may thereafter amend only upon leave of court. The procedure for so amending is to move to set aside or vacate the judgment pursuant to Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)." 27 Fed Proc, L Ed Sec. 62:256 (1984). There is nothing in the record to suggest that at any time appellants petitioned the district court either to amend their complaint before judgment or to vacate the orders to dismiss. Clearly frivolous claims such as those raised here do no more than waste judicial resources.
 
 
 9
 Macy's and the FTC assume that the Rushes are appealing the dismissal against them on the merits. If this is true, the standard for review by this Court is whether "beyond a doubt" the plaintiff could "prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).
 
 
 10
 The lower court rejected the Rushes' argument that their "5th and 14th Amendment rights to credit" were violated, finding "neither statutory nor case authority supporting this position." This was undoubtedly correct.
 
 
 11
 Appellant's FCRA claim was similarly unsupported. Under that statute civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA. 15 U.S.C.A. Secs. 1681n and 1681o. Macy's cannot be held liable for any FCRA violation in this case for three reasons.
 
 
 12
 First, appellants' complaint did not (and could not) allege that Macy's is a credit reporting agency or user of reported information. Section 1681a(f) of the FCRA defines a "consumer reporting agency" as
 
 
 13
 any person which, for monetary fees, dues or on a cooperative non-profit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.
 
 
 14
 Macy's does not fall within this definition. It did no more than furnish information to a credit reporting agency. See Mitchell v. First National Bank of Dozier, 505 F.Supp. 176 (M.D.Ala.1981) (motion to dismiss FCRA claim granted to party who simply furnished information to credit reporting agencies). See also Todd v. Associated Credit Bureau Services, Inc., 451 F.Supp. 447 (E.D.Pa.1977) (retail department store that supplied credit information about consumer's account was not a credit reporting agency under the FCRA). Further, Macy's is not alleged to be a "user of reported information" as to the Rushes.
 
 
 15
 Second, the information provided to CBI by Macy's was not a "consumer report" under the FCRA. A consumer report is
 
 
 16
 any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family or household purposes, or (2) employment purposes, or (3) other purposes authorized under Section 1681(b) of this title.
 
 
 17
 15 U.S.C.A. Sec. 1681a(d). This section further provides that the term "consumer report" does not include "any report containing information solely as to transactions or experiences between the consumer and the person making the report." Id. The information that Macy's provided to CBI was such a report, based solely on its own credit records of store transaction; thus, it cannot constitute a "consumer report" under the FCRA. See Freeman v. Southern National Bank, 531 F.Supp. 94 (S.D.Tx.1982) (FCRA complaint dismissed where bank conveyed only information based on its own credit experience with consumer).
 
 
 18
 Third, appellants' complaint alleged no facts tending to show that Macy's "willfully" or "negligently" failed to comply with the FRCA. Courts that have considered this issue have held that a plaintiff must contest the accuracy of the "credit report" (assuming, arguendo, that there was one) to prove willfulness or negligence. Middlebrooks v. Retail Credit Company, 416 F.Supp. 1013 (N.D.Ga.1976). See also Todd, supra at 449. In fact, the information supplied by Macy's appears simply to have been the Rushes' "zero balance"; it was CBI that attached the credit rating. Thus, the accuracy of the Macy's "report" is not called in question and no willfulness or negligence was properly alleged.
 
 
 19
 In sum, the complaint against Macy's clearly failed to state a cause of action and was appropriately dismissed.
 
 
 20
 Appellants also sought mandamus to compel the FTC to provide them with copies of an earlier consent agreement with Macy's. Assuming arguendo that mandamus might be available, it is inappropriate and unnecessary to issue such a writ here where (1) the complaint does not specify when any request for such documents was made, nor does the FTC have any record of a request; (2) the consent decrees are public records available in the FTC's public reference room; and (3) this "cause of action" is for all practical purposes moot since, as soon as the suit was filed, counsel for the FTC simply mailed appellants a copy of the agreement.
 
 
 21
 Appellants further sought mandamus to compel the FTC to intervene in their private dispute with Macy's and CBI. This is equally implausible. Mandamus is available only when a government agency has a duty to act on the part of an individual. It is not available to review the discretionary acts of government officials. Rush v. Parham, 625 F.2d 1150, 1154 (5th Cir.1980). Appellants do not allege and could not prove any such duty to act on the part of the FTC. The FTC exercises its enforcement powers at its own discretion. Moog Industries, Inc. v. FTC, 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370 (1958). As the Supreme Court said recently in Heckler v. Chaney, --- U.S. ----, 105 S.Ct. 1649, 1656, 84 L.Ed.2d 714 (1985) (emphasis supplied):
 
 
 22
 an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether an agency's resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing.
 
 
 23
 On these grounds, the lower court's dismissal of the Rushes' actions against Macy's and the FTC was eminently correct, and we AFFIRM that order.
 
 
 24
 III. Sanctions.
 
 
 25
 Federal Rule of Appellate Procedure 38 provides:
 
 
 26
 If a court of appeal shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 27
 Although we are normally reluctant to impose such sanctions, we must do so in the case of patently frivolous appeals if the civil rules are not to be rendered impotent. We find that this appeal was patently frivolous. Appellants had no colorable legal claim against Macy's or the FTC, much less any plausible issues for appeal. If the Rushes indeed have a grievance, it clearly lies with the CBI. Thus, pursuant to Fed.R.App.P. 38, we award double costs and reasonable attorney's fees incurred by reason of this appeal to be paid by appellants to Macy's and the FTC.[1] The parties are to present to the Clerk of this Court by affidavits and documents, if available, evidence as to the costs and reasonable attorney's fees incurred by reason of this appeal.
 
 
 28
 Further, we REMAND this case to the district court to consider the imposition of sanctions against appellants' trial attorney for reasonable expenses by both Macy's and the FTC in the lower court and reasonable attorney's fees under Fed.R.Civ.P. 11.
 
 
 
 *
 Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 The Rushes' motion to dismiss the FTC from this appeal comes too late. Appellants reargued the mandamus issue in their brief on appeal, forcing the FTC to prepare to respond in this Court