BRUCE G. HAGEMAN, Plaintiff v. TWIN CITY CHRYSLER-PLYMOUTH, INC., Defendant

No. 8721SC1239

(Filed 21 June 1988)

**Consumer Credit § 1— violation of Fair Credit Reporting Act—directed verdict for defendant proper**

> The trial court did not err in an action for violation of the Fair Credit Reporting Act by granting a directed verdict for defendant automobile dealer where plaintiff's wife signed an automobile lease agreement with defendant; defendant's fleet manager prepared a credit application to be submitted to Chrysler Credit Corporation; the fleet manager asked plaintiff's wife for information about plaintiff and plaintiff's wife gave plaintiff's name but advised the fleet manager that plaintiff had nothing to do with the lease agreement or the credit application; the fleet manager telephoned a call-in application to Chrysler Credit Corporation, which ran a credit investigation on plaintiff's wife; a Chrysler Credit Corporation employee telephoned the fleet manager to advise him that plaintiff's wife's credit application had been denied; the fleet manager and the Chrysler Credit Corporation employee agreed to determine if credit could be established for plaintiff; Chrysler Credit Corporation did a credit investigation of plaintiff, including obtaining a consumer credit report from the Credit Bureau of Winston-Salem; and the Chrysler Credit Corporation rejected plaintiff's credit and advised defendant of the rejection. The FCRA requires that users of consumer information refrain from obtaining consumer credit information from credit reporting agencies under false pretense; however, defendant makes no credit determination, does not use or even see the consumer credit information gathered, and is not a user of consumer information within the meaning of the FCRA.

APPEAL by plaintiff from *Washington, Edward K., Judge.* Order entered 29 July 1987 in FORSYTH County Superior Court. Heard in the Court of Appeals 4 May 1988.

Plaintiff brought this suit pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.,*[1] claiming that defendant Twin City Chrysler-Plymouth, Inc. (Twin City) (1) obtained credit information on him under false pretenses in violation of § 1681q, and (2) invaded his right of privacy. Before trial the trial court allowed defendant's motion for summary judgment as to the action for invasion of privacy, but denied summary judgment on the FCRA claim. Plaintiff does not appeal the dismissal of his invasion of privacy claim.

---

1. Concurrent jurisdictional authority is granted to state courts per § 1681p.

The evidence presented at trial established the following facts: On the morning of 30 November 1984, plaintiff's wife, Bonnie Hageman, signed (1) an automobile lease agreement with defendant for a new Chrysler LeBaron convertible, and (2) a credit application to be submitted to Chrysler Credit Corporation (CCC) for the purpose of having the lease financed. Jim Leonard, defendant's fleet manager, prepared the credit application. Mr. Leonard asked Mrs. Hageman for information about her husband, plaintiff herein. Mrs. Hageman gave her husband's name but advised Mr. Leonard that Mr. Hageman had nothing to do with the lease agreement or the credit application. Mr. Leonard telephoned a "call-in" credit application to CCC, which ran a credit investigation on Mrs. Hageman. At 11:15 a.m. on 30 November, Faye Trammell, an employee of CCC, telephoned Mr. Leonard and advised him that Mrs. Hageman's credit application had been denied. Mr. Leonard and Mrs. Trammell then agreed to determine if credit could be established based on Mr. Hageman. CCC did a credit investigation of plaintiff, including obtaining a consumer credit report from the Credit Bureau of Winston-Salem. Based on the information obtained, CCC also rejected plaintiff's credit, advised defendant of the rejection, and forwarded to plaintiff and his wife a Chrysler Credit Notice of Adverse Action letter dated 30 November 1984.

At trial plaintiff sought to establish that he had not been an applicant for credit with defendant or CCC, had not authorized a credit application on his behalf, and that the credit inquiry was unlawfully initiated by defendant, causing him humiliation, embarrassment, and emotional distress. At the close of plaintiff's evidence, the trial court allowed defendant's motion for a directed verdict.

*Badgett, Calaway, Phillips, Davis, Stephens & Peed, by Herman L. Stephens, for plaintiff-appellant.*

*Petree Stockton & Robinson, by Steve M. Pharr and G. Gray Wilson, for defendant-appellee.*

WELLS, Judge.

A motion for a directed verdict presents the question of whether the evidence, considered in the light most favorable to plaintiff, will justify a verdict in defendant's favor. *Snow v.*

*Power Co.*, 297 N.C. 591, 256 S.E. 2d 227 (1979). Defendant argued at the close of trial, and contends now in his brief, that plaintiff's evidence failed to establish any actionable claim or violation of the FCRA as a matter of law. We agree.

The main bulk of FCRA requirements are imposed on consumer reporting agencies, and only four sections of the Act place requirements on persons who are not consumer reporting agencies: §§ 1681d, 1681m, 1681q and 1681r. *Rice v. Montgomery Ward & Co., Inc.*, 450 F. Supp. 668 (M.D.N.C. 1978). Plaintiff in the present case alleges a violation of § 1681q, which provides as follows:

> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both.[2]

It has been held that § 1681q requires that "users of consumer information" refrain from obtaining consumer credit information from credit reporting agencies under false pretense. *Hansen v. Morgan*, 582 F. 2d 1214 (9th Cir. 1978). A violation of § 1681q forms a basis of liability under either § 1681n or § 1681o. *Id.* Thus, § 1681q makes "users of consumer information" amenable to civil suit. Plaintiff in the present case contends that defendant is a "user" within the meaning of the FCRA because, by taking and transmitting to CCC a credit application, it caused CCC to obtain a consumer credit report to use for the purpose of making a credit determination that benefitted defendant by financing the latter's customers. However, we hold that defendant was not a "user" within the meaning of the FCRA.

A "user" is one who obtains consumer credit information from a consumer reporting agency for the purpose of making some determination, typically in order to decide whether to advance credit. In the present case, the Credit Bureau of Winston-Salem was the consumer reporting agency, and CCC was the "user." It was CCC who solicited and obtained information for the purpose of determining whether to extend credit to plaintiff. De-

---

2. Under § 1681a, a "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

fendant Twin City sells and leases cars. As a service to its customers and in order to assist them in securing financing, defendant frequently forwards credit applications to entities such as CCC. However, defendant Twin City makes no credit determination. It does not use, or even see, the consumer credit information gathered. Since defendant is not a "user" of consumer information within the meaning of the FCRA, it is not liable as a "user" under § 1681q of the Act.

We find support for our decision in *Rush v. Macy's New York, Inc.*, 775 F. 2d 1554 (11th Cir. 1985). In that case, Macy's furnished information to Credit Bureau, Inc., a consumer reporting agency. On the basis of the information supplied, Credit Bureau gave plaintiff the lowest possible credit rating, and plaintiff sued both Macy's and Credit Bureau. The court held that a department store which did no more than furnish information to a credit reporting agency is not a "user" of credit information within the meaning of the FCRA. *Id.* By analogy, an automobile dealer that merely transmits credit applications to a third party is also not a "user" under the Act.

No error.

Chief Judge HEDRICK and Judge COZORT concur.