[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13770
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00679-SCJ


LILLIE M. MIDDLEBROOKS,

                                              Plaintiff-Appellant,

versus

SACOR FINANCIAL, INC.,
LAZEGA & JOHANSON, LLC,
MARK A. MOORE,
ROOSEN VARCHETTI & OLIVER - GA PLLC,
CHERICE A. TADDAY,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 30, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Lillie M. Middlebrooks, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Sacor Financial, Inc. ("Sacor"), Lazega & Johanson, LLC ("L&J"), Mark A. Moore ("Moore"), Roosen Varchetti, & Olivier-GA PLLC ("RVO"), and Cherice A. Tadday ("Tadday") (collectively "Defendants") on her claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692d.  Middlebrooks contends that the Defendants acted deceptively, in violation of § 1692e, by pursuing legal action against her in state court to collect a credit card debt that she alleges they did not own or otherwise have the right to pursue.  She argues that their actions in the state court also amounted to harassment or abuse, in violation of § 1692d.  Relatedly, she argues that Sacor, L&J, and Moore violated the FCRA by obtaining her consumer report from a credit reporting agency because, as they did not own her debt, they did not have a permissible purpose to obtain the report.  She also argues that the district court abused its discretion in denying her motion to amend her complaint and in ordering her to pay the costs of the litigation.

I.

We review the district court's decision of whether to grant leave to amend a pleading for abuse of discretion.  *Walker v. S. Co. Servs., Inc.*, 279 F.3d 1289, 1291 (11th Cir. 2002).  When a non-dispositive issue is referred to a magistrate judge to

2

decide on, the parties have 14 days to object to the resulting order.  Fed. R. Civ. P.

72(a).  "A party may not assign as error a defect in the order not timely objected

to."  *Id.*  In *Smith v. School Board of Orange County*, for example, we deemed that

a *pro se* party had waived appellate review of a magistrate judge's non-dispositive

order by failing to object to the order at the district court level.  487 F.3d 1361,

1363, 1365 (11th Cir. 2007).

Middlebrooks has waived the issue of amendment for purposes of appeal by

failing to object to the magistrate judge's order denying her motion to amend or

replead her complaint.[1]  Fed. R. Civ. P. 72(a); *Smith*, 487 F.3d at 1365.

Accordingly, we affirm as to this issue.

## II.

We review a district court's grant of summary judgment *de novo*, viewing

the evidence in the light most favorable to the non-moving party.  *Brooks v. Cty.*

*Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006).

Summary judgment is appropriate if "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  In order to survive summary judgment, the opposing

---

[1] Although Sacor argues that Middlebrooks failed to adequately identify, in her notice of appeal, the order denying her motion to amend, we construe Middlebrooks's *pro se* notice of appeal liberally and deem it adequate for us to consider this issue.  *See C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981); *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

party must set forth specific facts showing that there is a genuine issue for trial, and unsupported "conclusory allegations" do not suffice. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). When reviewing a magistrate judge's report, the district court must review the objected-to findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1).

The FDCPA provides a civil cause of action against any debt collector who fails to comply with its requirements. *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009). In general, § 1682e prohibits deceptive practices in debt collection. *Miljkovic v. Shafritz and Kinkin, P.A.*, 791 F.3d 1291, 1306 (11th Cir. 2015). Specifically, debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection," including falsely representing "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Debt collectors are also prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). When determining whether a debt collector's actions were deceptive, this Court must consider whether the "least sophisticated consumer" would be deceived. *Miljkovic*, 791 F.3d at 1306 (quotation marks omitted).

A debt collector's pursuit of judicial remedies to collect on a debt does not by itself indicate a violation of § 1692e. *See id.* at 1307. In *Miljkovic*, a debt

4

collector filed a writ of garnishment in state court to collect on a consumer's debt judgment, filed a sworn statement in opposition to the consumer's claimed exemption from the writ, and subsequently dissolved the writ. 791 F.3d at 1294, 1307. Observing that the debt collector's sworn statement did not incorrectly state the amount of the debt, incorrectly identify the holder of the debt, or contain false or ambiguous threats of future litigation, we concluded that the sworn statement did not support a claim under § 1692e because it was not misleading or deceptive. *Id.* at 1306-07. "If judicial proceedings are to accurately resolve disputes, including debt collection disputes, debt-collector attorneys must be permitted to present legal arguments in their clients' favor and to invoke the remedies available to them, including wage garnishment." *Id.* at 1307.

The FDCPA also prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Prohibited conduct includes threatening a consumer with violence, the use of "obscene or profane language," and repeatedly calling a consumer over the telephone. *See id.* § 1692d(1)-(6). Claims under § 1692d "should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). It is not enough that a debt collector's actions caused the

5

consumer "embarrassment, inconvenience, and further expense," but rather those actions must "manifest a tone of intimidation" to fall under the ambit of § 1692d. *Miljkovic*, 791 F.3d at 1305 (quotation marks omitted).  Threatening to file and actually filing a lawsuit does not have the "natural consequence of harassing, abusing, or oppressing" a consumer, and it follows that filing an oppositional document once a lawsuit has commenced does not violate § 1692d because it "does not represent[] the type of coercion and delving into the personal lives of debtors that the FDCPA in general, and § 1692d in particular, was designed to address." *Id.* (quotation marks omitted) (alteration in original).

Section 1692i of the FDCPA provides venue rules for where debt collectors may bring legal actions against consumers regarding a debt.  15 U.S.C. § 1692i(a). It also provides that "[n]othing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors."  *Id.* § 1692i(b).  We read statutory provisions harmoniously and as a whole, so that no portion of the statute is meaningless or superfluous.  *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1173 (11th Cir. 2003).

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such

6

information." 15 U.S.C. § 1681(b). "[C]ivil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." *Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir. 1985).

Consumer reporting agencies may furnish consumer reports for a limited number of "permissible purposes," including "[t]o a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). It is unlawful to obtain a consumer report for any purpose not authorized by the FCRA. *Id.* § 1681b(f)(1).

Even though we read *pro se* briefs liberally, issues raised by a *pro se* party for the first time in her reply brief are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (*per curiam*).

The district court properly granted summary judgment in favor of the Defendants, and further, the record shows that the district court reviewed Middlebrooks's objections to the magistrate judge's Report and Recommendation *de novo*.[2] 28 U.S.C. § 636(b)(1); *Brooks*, 446 F.3d at 1161-62. The conclusory

---

[2] Middlebrooks has abandoned the arguments that she raises for the first time in her reply brief regarding alleged evidentiary defects in an affidavit offered by Sacor. *Timson*, 518 F.3d at 874. Accordingly, we do not address those arguments.

7

affidavits that Middlebrooks offers are not enough to create a genuine issue of material fact as to Sacor's ownership of her debt. *Leigh*, 212 F.3d at 1217. As Middlebrooks's FCRA and FDCPA claims rest upon her assertion that the Defendants did not own her debt, those claims do not survive summary judgment. Sacor's filings in the underlying state court action accurately stated that it was the owner of the judgment against Middlebrooks and accurately represented the amount of the debt, and so were not false, deceptive, or misleading within the meaning of § 1692e. *Miljkovic*, 791 F.3d at 1306-07. Also, as a general matter the FDCPA does not prohibit debt collectors from pursuing legal remedies against consumers. *See* 15 U.S.C. § 1692i; *Shotz*, 344 F.3d at 1172. Middlebrooks's § 1692d claim does not survive summary judgment, either, because there was no genuine issue regarding Sacor's ownership of the debt and nothing in the Defendants' state court filings suggests a "tone of intimidation." *Miljkovic*, 791 F.3d at 1305. Similarly, summary judgment was appropriate on Middlebrooks's FCRA claim. As the owner of the Middlebrooks's judgement and debt, Sacor had a "permissible purpose," or at least a reasonable belief that it had such a purpose, in obtaining her consumer report because it was seeking information in connection with the collection of an account. 15 U.S.C. § 1681b(a)(3)(A). Accordingly, we affirm as to this issue.

III.

8

We review a district court's decision whether to award costs to a prevailing party for abuse of discretion. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). In the Northern District of Georgia, the prevailing party must file a bill of costs within 30 days from the entry of judgment in order to recover costs, otherwise costs will not be taxed as part of the judgment. N.D. Ga. L. R. 54.1.

An issue becomes moot, necessitating its dismissal on jurisdictional grounds, when it is "no longer live or the parties lack a legally cognizable interest in the outcome." *See BankWest, Inc. v. Baker*, 446 F.3d 1358, 1363-64 (11th Cir. 2006) (*per curiam*) (quotation marks omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

None of the Defendants filed a bill of costs within 30 days of the entry of judgment so, pursuant to the local rules, costs were not taxed as part of the judgment and the opportunity to recover costs has passed. N.D. Ga. L. R. 54.1. Accordingly, the issue of whether the district court abused its discretion in awarding costs is moot. *See BankWest, Inc.*, 446 F.3d at 1363-64. We dismiss the appeal as to this issue.

9

**DISMISSED IN PART, AFFIRMED IN PART.**[3]

---

[3]    Middlebrooks's motion to file a supplemental appendix is DENIED.