**Linda West CONLEY and James E. Conley III, Plaintiffs,**

v.

**TRW CREDIT DATA, a division of TRW Inc. and Washington Square East Management Co., Defendants.**

**No. 74 C 1257.**

United States District Court,
N. D. Illinois, E. D.

Sept. 13, 1974.

Thomas R. Meites, Chicago, Ill., for plaintiffs.

Jay S. Judge and James R. Schirott, Park Ridge, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiffs, Linda West Conley and James E. Conley III, have brought suit against defendants, TRW Credit Data and Washington Square East Management Company (a Philadelphia Management Company), for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t. The plaintiffs allege that they entered into a contract with a Chicago rental agent to lease an apartment in Newberry Plaza, 1030 North State Street, Chicago, Illinois, with the understanding that the lease would not be executed until a consumer credit report was received. TRW allegedly supplied the agent with a consumer credit report stating the plaintiffs had left their Philadelphia apartment owing the owner approximately $1,000. TRW's source, Washington Square East Apartments, admitted in a phone conversation with James E. Conley to the falsity of this information but, nevertheless, defendants refused to completely correct the alleged misinformation. The plaintiffs claim to have been injured as a result of defendants' actions.

The defendants move to dismiss the claim as to Linda West Conley on the ground that the Act only applies to persons on whom credit reports are made. Therefore, the defendants continue, because the credit report was made on James Conley III and only incidentally on Linda Conley as spouse, she cannot bring suit for alleged violations of the Act.

Mrs. Conley opposes the defendants' motions contending that the rental agent requested and received information on both plaintiffs and required the credit and signatures of both in support of the lease application. Accordingly, she contends that both plaintiffs have standing to sue for violations of the Act.

474

Section 1681e(b) under which plaintiffs brought this action reads:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Sections 1681n and 1681o provide for civil liability where credit agencies wilfully or negligently fail to comply with any requirement of the Act.

The language of § 1681e(b) clearly includes both plaintiffs in the instant case. The credit of both husband and wife stood behind the apartment leasing contract; information concerning both persons was, therefore, significant to the instant transaction. The report indicated the nature and duration of the wife's employment as well as her compensation.

■ The purpose of the Fair Credit Reporting Act is to encourage the use of fair and impartial procedures by consumer reporting agencies by enabling individuals to protect themselves against the dissemination of inaccurate or misleading information bearing on their credit worthiness. Introduction And Section-By-Section Analysis of "Good Name" Bill, 116 Cong.Rec. 6200 (1970). This purpose is circumvented by disallowing the wife, as to whom vital information is furnished in a credit report, to challenge the impartiality and fairness of reporting procedures. This view necessarily prevails when the realities of shared expenses, shared liabilities, and in this case shared injury are considered.

■ A fair reading of the language and purpose of the statute compels the conclusion that both a husband and spouse to whom a credit report relates have standing to protest under § 1681e(b) the fairness of reporting procedures used by a credit reporting agency and to sue for damages under the Act when the report relates and refers to both of them. Accordingly, an appropriate order will enter denying defendants' motion to dismiss.