**Iris D. COTTO, Plaintiff,**

v.

**Paul E. JENNEY and Marlies Jenney, individually and doing business as Landlord Reports Computer Service, Defendants.**

Civ. A. No. 87–0056–F.

United States District Court,
D. Massachusetts.

July 13, 1989.

Dina E. Fein, Springfield, Mass., Willard P. Ogburn, Boston, Mass., for plaintiff.

Alan H. Robbins, Mary Pat Rielly, Morrison, Mahoney & Miller, Springfield, Mass., John F. Burke, Jr., William L. Cohn, Springfield, Mass., for Jenney.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

On April 14, 1989 Magistrate Ponsor issued a report recommending that this Court partially allow plaintiff's motion for summary judgment and deny defendants' summary judgment motion. Before the Court are defendants' objections to the Report and Recommendation filed pursuant to 28 U.S.C. § 636.

This Court has thoroughly reviewed defendants' objections and finds them to be without merit for substantially the same reasons stated by the Magistrate. A brief explanation follows.

■ Defendants first maintain in their objections that 15 U.S.C. §§ 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), is inapplicable to this case because the Landlord Reports Computer Service ("LRCS") did not issue a "consumer report" to the JSE Corporation ("JSE"). As this Court views it, the central question is whether the report LRCS prepared regarding plaintiff Cotto bore on her "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which [was] used or expected to be used or collected in whole or in part for the purpose of serving as a factor is establishing [her] eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes ... [or] (3) other purposes authorized under section 604 (15 U.S.C. § 1681b)."[1] .15 U.S.C. § 1681a(d).

While at first blush it may not appear that a landlord-tenant relationship is one involving consumer credit, an examination of the purposes underlying the creation of the FCRA leads this Court to conclude that the report prepared by LRCS on plaintiff Cotto was indeed a "consumer report." *See, e.g.*, 15 U.S.C. § 1681(b).

JSE, and other landlords utilizing such a service, seek the services provided by companies like LRCS to assist them in determining if a prospective tenant is a good risk vis-a-vis whether the tenant will timely pay its rent. LRCS usually examines an individual's financial background by reporting prior incidents of non-payment of rent, sources of income, late payments of rent, bounced checks and court proceedings and judgments. It follows, therefore, that if LRCS issues a report stating that a prospective tenant has fallen behind on its rent payments on a prior occasion—as apparently occurred in the present case—the land-

---

1. One of the purposes under section 604 allows credit reporting agencies to *issue reports if it has reason to believe that the person requesting the information* "has a legitimate business need for the information in connection with a business transaction involving the consumer." *See* 15 U.S.C. § 1681b(3)E.

lord would certainly give pause before incurring a potential financial risk by allowing the would-be tenant to occupy the residence. It is in this sense that pursuant to the FCRA the report on plaintiff Cotto relates to her "credit worthiness." *See Conley v. TRW Credit Data*, 381 F.Supp. 473 (N.D.Ill.1974).[2] Courts interpreting the language of the FCRA have stated that in determining whether a document is a "consumer report," the focus is on the reasons the report is requested. *See Ippolito v. WNS, Inc.*, 864 F.2d 440, 450 (7th Cir.1988).

For these reasons and others stated in the Magistrate's Report and Recommendation, the Court agrees with the Magistrate that LRCS' report is a consumer report falling within the ambit of the FCRA.[3]

■ Defendants next argue that the FCRA does not apply to reports containing purely public information. The Magistrate rejected this proposition as contrary to the legislative purposes reflected in the FCRA. This Court again agrees with the Magistrate. The FCRA was designed to require consumer reporting agencies to use reasonable procedures in disseminating information regarding individuals. *See Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C.Cir.1984). Information may be unreasonably reported and misleading even if it is public information. Indeed, in this case, a jury may well determine that defendants' report to JSE that an Iris Cotto on Chestnut Street was behind in her rent—even though technically true and information in the public domain—was negligent because it was the *wrong* Iris Cotto. The manner in which the public information was reported may violate the FCRA. *See Thompson v. San Antonio Retail Merchants Association*, 682 F.2d 509, 513 (5th Cir.1982).

■ For similar reasons, the Court rejects defendants' position that a jury trial

on the issue of its reasonableness in reporting the Iris Cotto information is foreclosed due to its use of a warning to JSE that the report may not refer to the prospective tenant but to another Iris Cotto. The reasonableness of defendants' acts in this regard is the type of factual dispute which can only be resolved by a jury.

In sum, the Court OVERRULES defendants' objections and ADOPTS the Magistrate's April 14, 1989 Report and Recommendation in its entirety. Plaintiff's motion for summary judgment is GRANTED and DENIED in part. Defendants' motion for summary judgment is DENIED.

It is So Ordered.

2. Defendants attempt to distinguish *Conley* by stating that in that case, "there was no dispute that the information contained in the report was credit information." Yet, the information relied upon in denying a tenant application in *Conley* was that the prospective tenant left a previous apartment owing the landlord $1,000. In the present case, plaintiff claims that JSE denied her application in part because she owed back rent to a prior landlord as reflected in the LRCS

report. Despite defendants' protestations to the contrary, reports in this case and *Conley* appear to be virtually identical.

3. The fact that LRCS holds itself out to the public, and believes it is bound to be in full compliance with the FCRA is a revealing consideration as well.