José Cruz Cora, demandante y recurrente, *v.* UCB/Trans Union Puerto Rico Division, demandada y recurrida, Associates Financial Services Company of Puerto Rico, Inc., y Sears Roebuck de Puerto Rico, Inc. demandadas.

*Número:* RE-92-489          *Resuelto:* 8 de febrero de 1995

*Lucas M. Irisarri Castro*, abogado del recurrente; *Ruy V. Díaz Díaz*, de *Corral & De Mier*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Resolvemos que *una agencia de información de crédito responde al incumplir negligentemente* con la ley federal conocida como *Fair Credit Reporting Act*([1]) (en adelante F.C.R.A.). Por ello *revocamos el dictamen del Tribunal de Primera Instancia* (Hon. José E. Broco Oliveras, Juez Superior) que desestimó la demanda mediante una sentencia sumaria al requerir el elemento de malicia.([2])

---

([1]) 15 U.S.C.A. sec. 1681 y ss. En lo subsiguiente nos referiremos a las secciones de dicha ley según estas aparecen en U.S.C.

([2]) La referida ley federal permite que dichas acciones se insten en los foros locales. A esos efectos dispone: "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without

# I

El 5 de septiembre de 1991 el Sr. José Cruz Cora instó una demanda contra UCB/ Trans Union Puerto Rico Division (en adelante UCB), Associates Financial Services Company of Puerto Rico, Inc. (en adelante Associates), Sears Roebuck de Puerto Rico, Inc. (en adelante Sears) y otros demandados desconocidos. Alegó básicamente que UCB, una agencia de información de crédito, diseminó unos informes de crédito erróneos de su persona, pues le imputaban unas supuestas cuentas con Sears y Associates no le pertenecían. Además, alegó el demandante que cuando solicitaba préstamos y tarjetas de crédito, sus solicitudes eran rechazadas porque al aparecer con cuentas pendientes, se afectaba su capacidad de crédito. El demandante advino en conocimiento de la referida información al serle denegada una solicitud de préstamo de Associates, procediendo entonces a solicitar a UCB que le mostrara el informe de crédito sometido. Posteriormente, solicitó a UCB la corrección de dicho informe, a lo que éstos alegadamente le manifestaron que ellos se limitaban a recopilar la información enviada por las tiendas y financieras. Se alegó en la demanda que los demandados fueron *negligentes*, por lo que se reclamó la cantidad de veinticinco mil dólares ($25,000) por daños emocionales y patrimoniales, así como costas y honorarios de abogado.

Sears solicitó una sentencia sumaria. Alegó que nunca proporcionó a UCB información alguna sobre el demandante, acompañando con la moción una declaración jurada

---

regard to the amount in controversy, *or in any other court of competent jurisdiction* ....." (Énfasis suplido.) 15 U.S.C. sec. 1681p.

Por otra parte, la Sec. 622 de la ley federal *Fair Credit Reporting Act* (en adelante F.C.R.A.), 15 U.S.C.A. sec. 1681t, dispone: "This subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."

de su gerente. El tribunal de instancia declaró con lugar la misma. Por otro lado, el demandante desistió de la demanda contra Associates, al convencerse mediante el descubrimiento de prueba que éste no fue negligente.

Señalado ya el juicio en su fondo contra UCB, este último radicó una Moción de Sentencia Sumaria en la que alegó que las agencias de información de crédito tienen, en virtud de la F.C.R.A., una inmunidad cualificada, de forma tal que en ningún caso responden por negligencia sino solamente cuando existe malicia. En apoyo de su argumento citó el caso *Torres Maldonado v. J.C. Penney Co.*, 130 D.P.R. 546 (1992). El demandante presentó una Réplica a dicha Moción en la cual alegó que su reclamación se fundamentaba en la negligencia de UCB al no poseer un mecanismo o procedimiento razonable para recopilar, almacenar y diseminar información, de manera tal que asegurara en lo máximo posible la exactitud o certeza de los informes, conforme lo requiere el inciso (b) de la Sec. 1681e de la F.C.R.A. Alegó que su causa de acción se fundamentaba en la negligencia de UCB al incumplir con las disposiciones de la F.C.R.A., cuya causa de acción está autorizada por la Sec. 1681o de la referida ley.

Estando dichas mociones pendientes ante la consideración del Tribunal de Primera Instancia, las partes presentaron el Informe para la Conferencia con Antelación al Juicio. En el mismo el demandante solicitó enmendar la demanda a los efectos de aclarar que su reclamación era por negligencia bajo la citada Sec. 1681o de la F.C.R.A., así como que resultaba igualmente aplicable el Art. 1802 del Código Civil,(³) por no ser diferentes los propósitos de la ley estatal y la federal.

Mediante una sentencia sumaria el Tribunal de Primera Instancia declaró con lugar la Moción de Sentencia Sumaria presentada por UCB, desestimando así la demanda. Se fundamentó para ello en el inciso (e) de la

---

(³) 31 L.P.R.A. sec. 5141.

Sec. 1681h de la F.C.R.A., así como por lo resuelto por este Tribunal en *Torres Maldonado v. J.C. Penney Co.*, supra.

No conforme con dicho dictamen, acude ante nos el demandante Cruz Cora, mediante una Solicitud de Revisión, en la cual solicita la revocación de la sentencia recurrida. Plantea como único señalamiento que:

> Erró el Tribunal Superior al concluir que ni el Artículo 1802 del Código Civil de Puerto Rico ni la Fair Credit Reporting Act conceden causa de acción por negligencia incurrida por las agencias de información de crédito. Solicitud de revisión, pág. 3.

Expedimos el recurso y con el beneficio de la comparecencia de las partes resolvemos.

## II

UCB sostiene que al declararse con lugar la Moción de Sentencia Sumaria, el Tribunal de Primera Instancia denegó tácitamente la solicitud de enmienda a las alegaciones que hizo la parte demandante recurrente en el Informe de Conferencia con Antelación al Juicio. Por ello argumenta que se debe analizar la solicitud de sentencia sumaria a la luz del contenido de las alegaciones en la demanda, por lo que al no haber ninguna alegación a los efectos de que los hechos que dieron origen a su reclamación fueron el resultado de la negligencia de UCB al *no cumplir con las disposiciones impuestas por la F.C.R.A.*, procede que se desestime la demanda. Todo ello unido a que sólo se alega negligencia y que la acción únicamente procede si medió alguna actuación maliciosa, conforme a la citada Sec. 1681h(e) y a lo resuelto en *Torres Maldonado v. J.C. Penney Co.*, supra.

■ De entrada reiteramos la doctrina de este Tribunal de que las alegaciones de una demanda pueden ser redactadas en términos generales y que el tribunal concederá el

remedio que proceda en derecho en conformidad con la prueba. *Bco. Central Corp. v. Capitol Plaza, Inc.*, 135 D.P.R. 760 (1994); *Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737 (1994). Por ello, la alegación general de la demanda sobre negligencia era suficiente para crear una controversia.

Además, el demandante, antes de la conferencia con antelación al juicio, solicitó enmendar sus alegaciones *para hacer más específica* su alegación de negligencia señalando que su acción se refería a la dispuesta en la Sec. 617 de la F.C.R.A., así como el Art. 1802 de nuestro Código Civil, 31 L.P.R.A. sec. 5141.

■ Es doctrina reiterada de este Tribunal que la facultad para conceder permiso para enmendar las alegaciones debe ejercerse liberalmente. Véase *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 D.P.R. 829 (1992). De igual forma, las enmiendas pueden ampliar una de las causas de acción alegadas en la demanda original o pueden añadir una o más causas de acción. *Ortiz Díaz v. R. & R. Motors Sales Corp.*, supra.

En el caso de autos la enmienda no era realmente necesaria. Para que procediera la sentencia sumaria en este caso, UCB tenía que demostrar que la parte demandante recurrente no tenía evidencia suficiente para probar su caso.

En el presente caso el demandante advino en conocimiento sobre los alegados procedimientos irrazonables a la luz del descubrimiento de prueba efectuado en el mismo. Siendo ello así, la enmienda solicitada era a los efectos de *especificar aún más su causa de acción* señalando que se fundamenta en *la* citada *Sec. 1681o y no en la Sec. 1681h(e)*, supra. Procede que se permita la enmienda a esos efectos.

## III

Un examen de la Sec. *1681h(e)* de la F.C.R.A. a la que hace referencia UCB refleja que, de su faz, resulta *inaplicable* al caso ante nos, *ya que expresamente* dispone que *no aplica* a las reclamaciones hechas al amparo de las Secs. 1681n y 1681o de la F.C.R.A.

■ La citada *Sec. 1681h(e)* dispone:

> *(e) Except as provided in sections 1681n and 1681o of this title*, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed *pursuant to section 1681g, 1681h, or 1681m* of this title, except as to false information furnished *with malice or willful intent* to injure such consumer. (Énfasis suplido.)

*El requisito de intención maliciosa se refiere sólo a las acciones instadas al amparo de la mencionada Sec. 1681h(e) y no a las Secs. 1681n o 1681o*, supra.

■ En *Torres Maldonado v. J.C. Penney Co.*, supra, se trataba de una demanda *contra un establecimiento comercial*, a saber, JC Penney, por éste haber suministrado una información incorrecta a la agencia de informe de crédito. *Allí la controversia principal giraba en torno a si le era aplicable a JC Penney la ley federal conocida como Fair Credit Reporting Act.* En dicho caso concluimos que, dado los hechos particulares del mismo, *no le aplicaba* a JC Penney dicha ley *por ésta no ser una agencia de información de crédito ni usuario de información del consumidor. No estaba en controversia en dicho caso cuál era el estándar aplicable cuando se trataba de alegaciones contra una agencia de informes de crédito por incumplimiento con las disposiciones de la ley federal.* Para llegar a dicha conclusión examinamos las disposiciones de la ley federal, entre

ellas las Secs. 1681n y 1681o, *supra*, las cuales establecen la responsabilidad civil por incumplimiento con las disposiciones de la ley federal. Al hacer un análisis de la Sec. 1681h de la ley federal, *supra*, y del caso *Alvarez Melendez v. Citibank*, 705 F. Supp. 67 (D. P.R. 1988), señalamos, incidentalmente, que las referidas Secs. 1681n y 1681o requerían el mismo estándar, a saber, la intención maliciosa, aun cuando esa no era la controversia principal.

En el caso ante nos, *tratándose de una causa de acción contra una agencia de informes de crédito, le aplica la ley federal* y el estándar de la *Sec. 1681o, supra,* bajo la cual reclama el demandante es *el de mera negligencia.* Aclaramos que en casos como el de autos, tratándose de una causa de acción contra una agencia de informes de crédito, bajo la citada Sec. 1681o el estándar aplicable es el de negligencia. Veamos.

## IV

En 1970 fue promulgada la ley federal conocida como *Fair Credit Reporting Act,* cuyo propósito lo expresó el Congreso en la Sec. 1681:

> ... insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy", [as soon as] require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter. Véanse, además: *Stevenson v. TRW Inc.*, 987 F.2d 288 (5to Cir. 1993); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151 (11mo Cir. 1991); *Milbauer v. TRW, Inc.*, 707 F. Supp. 92 (D.E. N.Y. 1989); *Rush v. Macy's New York, Inc.*, 596 F. Supp. 1540 (1984); *Thornton v. Equifax, Inc.*, 619 F.2d 700 (1980); *Hauser v. Equifax, Inc.*, 602 F.2d 811 (1979); *Roseman v. Retail Credit Co., Inc.*, 428 F. Supp. 643 (1977); *Conley v. TRW Credit Data*, 381 F. Supp. 473 (1974).

■ Cónsono con dicho propósito, el Congreso requirió lo siguiente en el inciso (b) de la Sec. 1681e:

> ...Whenever a consumer reporting agency prepares a consumer report *it shall follow reasonable procedures to assure maximum possible accuracy* of the information concerning the individual about whom the report relates. (Énfasis suplido.)

Es precisamente esta disposición la que alega el demandante que UCB incumplió negligentemente.

■ La Sec. 1681o de la F.C.R.A. crea una causa de acción basada en mera negligencia fundamentada en una violación a dicha ley. Dicha sección dispone lo siguiente:

> *Sec. 1681o.   Civil liability for negligent noncompliance*
> Any consumer reporting agency or user of information which *is negligent* in failing to comply *with any requirement* imposed under this subchapter with respect to any consumer *is liable* to that consumer in an amount equal to the sum of—
> (1) any actual damages sustained by the consumer as a result of the failure;
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

La interpretación que se le ha dado a dicha sección es que el estándar a utilizarse es el de negligencia. A esos efectos, en *Stevenson v. TRW Inc.*, supra, pág. 292, se señaló:

> A consumer reporting agency that *negligently* fails to comply with FCRA's requirements is liable for actual damages, costs, and reasonable attorney's fees. 15 U.S.C. sec. *1681o.* (Énfasis suplido.) Véanse, además: *Rush v. Macy's New York, Inc.*, supra; *Bryant v. TRW, Inc.*, 689 F.2d 72 (6to Cir. 1982); *Mitchell v. First Nat. Bank of Dozier*, 505 F. Supp. 176 (1981); *Hauser v. Equifax, Inc.*, supra.

*En el presente caso la reclamación del demandante se basa precisamente en la citada Sec. 1681o, la cual trata sobre la responsabilidad civil de las agencias de informes de crédito cuando incumplen negligentemente cualquier*

*disposición de ley.* Alega el demandante que UCB incumplió las disposiciones de la citada Sec. 1681e(b), la cual, según antes indicáramos, requiere a éstas mantener un *procedimiento razonable* al recopilar, almacenar y diseminar la información, de manera tal que asegure en lo máximo posible la exactitud o certeza de los informes.

■ Con relación a la violación de la referida disposición, esto es, la Sec. 1681e(b), en *Cahlin v. General Motors Acceptance Corp.,* supra, pág. 1156, se señaló lo siguiente sobre el concepto de *razonabilidad:*

> In order to make out a prima facie violation of section 607(b), the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing "inaccurate" information. If he fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of section 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency. The Act, however, does not make reporting agencies strictly liable for all inaccuracies. The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures .... (Escolios omitidos.)

Además, se señaló:

> Thus, the standard of accuracy embodied in section 607(b) is an objective measure that should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting. *Cahlin v. General Motors Acceptance Corp.,* supra, pág. 1158.

En *Houston v. TRW Information Services, Inc.,* 707 F. Supp. 689, 693 (1989), citando a *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509, 513 (5to Cir. 1982), se indicó que el estándar para medir la *razonabilidad* de los procedimientos de la agencia de informes de crédito es " 'lo que una persona prudente y razonable haría bajo tales circunstancias' ", y que "la evaluación de la razonabilidad de los procedimientos de una agencia implica equilibrar el

daño potencial de la inexactitud y la obligación de la agencia de proteger contra tal inexactitud". (Traducción nuestra.)([4]) Véase, además, *Bryant v. TRW, Inc.*, supra, pág. 78.

En conclusión, erró el tribunal de instancia al desestimar la demanda aquí instada, por cuanto procede una causa de acción contra las agencias de informes de crédito y usuarios de informes del consumidor, bajo la ley federal conocida como *Fair Credit Reporting Act*, por *negligencia* al *incumplir* con sus disposiciones de la misma. Revocamos el dictamen del tribunal de instancia y devolvemos el caso para que continúen los procedimientos en conformidad con lo aquí expuesto.

*Se emitirá la sentencia correspondiente.*([5])

El Juez Asociado Señor Rebollo López concurrió con el resultado sin opinión escrita.

---

([4]) " 'What a reasonable prudent person would do under the circumstances'. ... Evaluating the reasonableness of an agency's procedures involves balancing the potential harm from inaccuracy against the burden on the agency of safeguarding against such inaccuracy."

([5]) Dado a lo discutido anteriormente y al resultado llegado en esta opinión, es innecesario discutir si procede una causa de acción bajo el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, por actuaciones negligentes de una agencia de informes de crédito al incumplir con las disposiciones de la ley federal.