# 2004 DTA 87

**TRIBUNAL DE CIRCUITO DE APELACIONES
REGION JUDICIAL DE CAGUAS
PANEL IX**

FIRSTBANK PUERTO RICO
Demandante-Apelante

v.

JUAN R. GONZALEZ
Demandado-Apelado

Núm. KLAN-03-01057

[REDACTED]

San Juan, Puerto Rico, a 5 de abril de 2004

[REDACTED]

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Aponte Jiménez y Salas Soler

Pesante Martínez, Jueza Ponente

[REDACTED]

## TEXTO COMPLETO DE LA SENTENCIA

El apelante FirstBank de Puerto Rico (en adelante, *"FirstBank"*) recurre ante esta Curia en el interés de obtener la revocación de una sentencia dictada por el Tribunal de Primera Instancia, Sala de San Lorenzo, el 28 de mayo de 2003. Mediante la misma se declaró no ha lugar la acción instada por el apelante sobre cobro de dinero y permitió la reconvención por concepto de alegados daños ocasionados a su crédito según reclamados por el aquí demandado-apelado, Juan R. González (en adelante, *"señor González"*). La parte apelante fundamenta sus argumentos a base de los preceptos esbozados en la Ley Núm. 68 de 19 de junio de 1964, según enmendada, conocida como la Ley de Ventas a Plazos y Compañías de Financiamiento (en adelante, Ley 68).

Por los fundamentos que expondremos a continuación, revocamos la sentencia apelada.

**II**

Los hechos atinentes a la controversia comenzaron allá para el 19 de abril de 1996 en ocasión de que el señor González obtuviese un préstamo por la cantidad de $35,143.93, entre principal y cargos por financiamiento, a ser utilizado para la compra de una embarcación de motor. De acuerdo a los términos y condiciones del llamado Contrato de Venta al por Menor a Plazo (en adelante, *"Contrato"*), la parte apelada estaba obligada a pagar la suma de $488.11 mensuales por un término de 72 meses.

Según se desprende del expediente, formaba parte del Contrato un denominado *"Anejo A"* titulado

*"Condiciones y Términos Adicionales"*, el cual aparece firmado por el señor González. Sostiene la parte apelante que, mediante la firma de dicho anejo, el apelado se comprometía a tener bajo su riesgo la embarcación producto del préstamo en cuestión y a pagar sin demora las primas del seguro de propiedad o póliza requeridos por el Contrato y endosada a nombre de FirstBank. En caso de incumplir con dicha sección del Contrato, el apelante estaba en plena autoridad de obtener una póliza de cubierta simple cubriendo el interés, la cual estaría a nombre del señor González. El referido documento indica a su vez que dicho incumplimiento le permitía a FirstBank añadir la cantidad adeudada al principal de la obligación bajo el Contrato desde el momento de requerirse el pago y no se satisficiera el mismo.

El apelante aduce que debido al incumplimiento acaecido, procedió a notificarle al señor González mediante carta de 29 de diciembre de 1998, que había obtenido la póliza de la embarcación y que el nuevo pago mensual ajustado ascendía a $552.83. A pesar de la notificación, FirstBank asegura que el apelado se rehusó a satisfacer dicho pago ajustado, continuó efectuando los pagos iniciales de $488.11, por lo que se creó una deficiencia en los pagos mensuales a partir de diciembre de 1998. El 25 de enero de 2002, al cabo de un año de haber acelerado la mencionada deuda y de referir el caso a la División Legal de sus oficinas, FirstBank presentó la demanda que nos ocupa sobre cobro de dinero. En síntesis, el apelante arguyó que, debido al incumplimiento surgido, estaba en pleno derecho de reclamarle al señor González la suma de $4,591.32 por concepto de principal e intereses hasta el 28 de diciembre de 2001, más los intereses devengados hasta esa fecha. Por su parte, el apelado negó la veracidad de lo aseverado, aseguró haber pagado conforme lo acordado y reconvino alegando que la acción del banco sobre cobro de dinero le afectó su historial de crédito, por lo que responsabilizó legalmente al FirstBank por el supuesto daño ocasionado.

Luego de la celebración de varios trámites procesales de rigor, el Tribunal de Primera Instancia celebró la Conferencia con Antelación al Juicio el 12 de marzo de 2003. Durante la misma, las partes sometieron el informe sobre conferencia con antelación al juicio en el cual la aquí apelante solicitó enmendar las alegaciones de su demanda de la siguiente forma:

*"Para enmendar la demanda con sólo fin de aclarar que el alegado incumplimiento en los términos y condiciones del contrato de venta al por menor a plazo ocurre al negarse la parte demandada a pagar un incremento en los plazos mensuales ocasionado por el costo de un seguro de "Single Interest" que el Banco le puso al embarcación objeto del préstamo otorgado. Conforme al contrato suscrito por el Demandado, éste venía obligado a mantener la embarcación asegurada. Al no renovar y enviar el demandado copia de renovación del Seguro requerido, el Banco aseguró la embarcación y ajustó el pago mensual para cubrir el monto de la prima. El cliente, aunque advertido del aumento en los plazos mensuales conforme al contrato, rehusó hacer los ajustes y continuó haciendo pagos por la cantidad original, lo que ocasionó pagos incompletos que se acumularon."*

Mediante la transcrita enmienda a la alegación original, FirstBank incorporó en su argumento que tenía derecho al cobro, no de la suma que el señor González adeudaba del préstamo en principal e intereses hasta el 28 de diciembre de 2001, sino de todas las cantidades adeudadas por el incremento de la prima en los pagos mensuales. Del expediente no se desprende el monto total por dicho concepto. Cabe resaltar que la parte apelada no objetó la referida enmienda, por lo que el foro de instancia la dio por sometida; más aún, suscribió el informe acogiendo la enmienda como tal. FirstBank reiteró su alegación según enmendada y a esos efectos solicitó que se dictara sentencia sumariamente por entender que no existían controversias reales sobre la cuantía total de la deuda a lo que el tribunal resolvió no ha lugar.

Trabadas las controversias, el tribunal recurrido dio por sometido el caso y mediante sentencia de 28 de mayo de 2003 declaró no ha lugar la demanda instada y ha lugar la reconvención presentada por los apelantes. El foro de instancia descartó el contenido de la enmienda a las alegaciones según introducida mediante el aludido informe y rehusó adjudicar la deuda por concepto del pago del seguro, *"por la misma no estar*

*especificada en los documentos originales...".* Además, dicho tribunal encontró al FirstBank responsable de los alegados daños causados al señor González, por lo que estimó los mismos en $15,000, más $1,500 por concepto de honorarios de abogado.

Inconforme con dicho dictamen, y tras solicitar ante el foro de instancia la reconsideración del mismo, la parte apelante presentó el recurso de epígrafe señalándole al foro recurrido la comisión de cuatro errores.

Con el beneficio de los escritos de las partes, la exposición narrativa de la prueba y del derecho aplicable, resolvemos.

### III

Comenzaremos por discutir conjuntamente los tres primeros señalamientos de error, por estar íntimamente relacionados entre sí.

En síntesis, la parte apelante nos llama la atención a los efectos de plantear que el tribunal recurrido erró al declarar con lugar la reconvención por alegado daño a su crédito, ya que entienden que el apelado aceptó deber el dinero por concepto del seguro tanto mediante la firma del mencionado *"Anejo A"* como mediante su testimonio en corte abierta. La parte apelante descansa su argumento en los preceptos esbozados en la Ley 68, *supra.*

Si bien es cierto que la demanda original no incluyó la reclamación que finalmente adoptó el apelante, lo cierto es que la enmienda a las alegaciones contenida en el referido informe de conferencia con antelación al juicio, suscrito por las partes, la hace constar, por lo que se convierte en el principio que regenta la controversia que nos ocupa.

La Regla 13.1 de las de Procedimiento Civil es la fuente legal que regula lo relativo a cuándo y cómo podrán las partes enmendar las alegaciones luego de presentadas las mismas. Dispone la mencionada regla que:

*"Cualquier parte podrá enmendar sus alegaciones, una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera."** (Enfasis nuestro.)*

El Tribunal Supremo ha resuelto que las enmiendas a las alegaciones pueden ampliar una causa de acción alegada originalmente en la demanda o pueden añadir una nueva causa de acción. *Cruz Cora v. UCB/Trans Union P.R. Div.*, 137 D.P.R. 917, 922 (1995). El efecto de una autorización para enmendar las alegaciones, es que éstas se retrotraen a la fecha de la alegación original, siempre y cuando la alegación enmendada surja de la misma conducta, acto, omisión o evento original. 32 L.P.R.A. Ap. III, R. 13.3.

Una oportunidad que tienen las partes, para someter al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo, es en el informe sobre conferencia con antelación al juicio. El mismo tiene como propósito simplificar y aligerar los procedimientos en la conferencia preliminar al juicio.

La Regla 37.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, es la que dispone la preparación del mismo, y exige que se consigne en el Tribunal. De acuerdo a esta Regla, los abogados deben reunirse, tratar de simplificar el caso, en la medida que sea posible, y dejar todo plasmado en ese Informe. El Informe aceptado se convierte en una especie de libreto para los procedimientos a realizarse ante Instancia. Una vez se presenta el informe, la conferencia preliminar ante el tribunal se reduce, si el tribunal no objeta alguna parte del mismo, a una ratificación de la reunión de los abogados. Cuevas Segarra, José A., *Práctica Procesal Puertorriqueña,*

*Procedimiento Civil*, **Publicaciones J.T.S.**, 1995, Vol. II, pág. 197.

A esos efectos, entendemos que el informe se convierte en la ley que gobierna el curso subsiguiente del pleito. Por esto, el permitir una enmienda a las alegaciones incluidas en el mismo, es un asunto discrecional del Tribunal, pero una vez aceptada no podrá ser variada a menos que la parte que se opone a la enmienda no justifique válidamente su exclusión.

En el caso de autos, FirstBank presentó una enmienda a la demanda, en el informe de conferencia con antelación al juicio. Surge de la prueba que obra en autos, que el susodicho informe fue suscrito por ambos abogados y presentado ante el Tribunal el 12 de marzo de 2003. En la Minuta de dicho Foro quedó plasmado tal acto, ya que se señala el mismo y citamos, *"[l]as partes someten el informe de conferencia firmado...[e]l Tribunal acepta la enmienda por la parte demandante"*.

La actuación del tribunal fue una manifestación inequívoca de que autorizó la enmienda propuesta por el apelante dentro del marco de discrecionalidad y liberalidad que le confiere la Regla 13.1 de Procedimiento Civil. Por otro lado, la parte apelada consintió por escrito a la misma al firmar el informe que se consignó en el Tribunal.

La inclusión de la enmienda, en el informe, es un hecho fehaciente que tuvo efectos jurídicos en el caso. Además de que ese informe pasó a ser la ley que iba a gobernar los procedimientos posteriores del caso. La Regla 13.1, *supra*, consigna que el permiso para enmendar se concederá liberalmente cuando la justicia así lo requiera. Por lo que faculta al Tribunal a ejercer su discreción al momento de aceptar una enmienda a las alegaciones. Su espíritu es hacia la aceptación de enmiendas meritorias en el caso. Resultaría entonces paradójico, que se acepte una enmienda, que lo que busca es precisamente conformar el caso a lo que procede realmente; esto es, todas las cantidades adeudadas por el incremento de la prima en los pagos mensuales desde diciembre de 1998, para luego retractarse. Evidentemente, el hecho de no honrar la enmienda concedida opera en perjuicio de la búsqueda de la verdad que al fin y al cabo, es la consecución final en todo proceso.

Resulta menester señalar que la parte apelada no expuso razones válidas que tuvieran el peso de mover la discreción del tribunal en la dirección de rechazar una enmienda ya aceptada. Todo lo alegado por el señor González carece de sentido alguno, no sólo por ser contrario a la enmienda transcrita, sino por el contenido del *"Anejo A"*, el cual especifica las consecuencias de incumplir con el Contrato. Ambos documentos fueron suscritos por el apelado, lo que denota, a toda luz, que dicha parte está de acuerdo con el contenido mismo de éstos. Añadiendo mayor suficiencia de prueba que sustenta nuestra determinación, FirstBank, inclusive, le informó mediante carta dirigida al señor González la variación en el costo de la póliza, el nuevo monto ajustado y la fecha de efectividad de dichos pagos desde el 29 de diciembre de 1998. No empece, el apelado optó por no satisfacer los pagos según requeridos y continuó efectuando los mismos como originalmente lo hacía en contravención con el acuerdo suscrito entre las partes.

Todo nos lleva a concluir que el tribunal debió aceptar la enmienda a las alegaciones contenida en el informe, según aceptada por las partes y admitida por dicho foro. El señor González no objetó la misma en aquella ocasión, momento que, según nuestro ordenamiento, es el adecuado para hacer dicho señalamiento, por lo que lo acordado pasó a ser el principio rector del presente litigio.

Por lo tanto, a base de la prueba presentada, de las estipulaciones de las partes y del contenido del informe, quedó demostrado que el señor González adeudaba a FirstBank un dinero por concepto de las primas del seguro de la embarcación dejadas de pagar a partir de diciembre de 1998. Siendo ello así, se devuelve el caso al Tribunal de Primera Instancia para que determinen la cuantía de lo adeudado.

De otra parte y con relación a la reconvención presentada por el señor González, la cual fuera declarada con

lugar, debemos consignar que los daños alegados no fueron probados, y que el apelado no estableció la relación causal entre la lesión en su crédito y las actuaciones de FirstBank. La queja traída por el señor González no tiene explicación alguna, ya que, de existir algún daño, no podemos sino concluir que el mismo es auto infligido. No albergamos dudas que el apelado debía la cantidad mensual ajustada reclamada por FirstBank y por ello instó la demanda en cobro de su acreencia. Tal actuación revestida de legitimidad no genera daños compensables.

## IV

Por los fundamentos que anteceden, se revoca la sentencia en controversia mediante la cual se desestimó la demanda. En su consecuencia se devuelve el caso al Tribunal de Primera Instancia para que proceda a determinar la cuantía adeudada por el señor González por concepto del ajuste en el pago mensual del seguro dejado de satisfacer. Así también, queda revocada la parte de la sentencia que declaró con lugar la reconvención, tanto en lo referente a los daños concedidos como la cantidad concedida por concepto de honorarios de abogados.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 2004 DTA 87**

1. 10 L.P.R.A. sec 731 *et seq.*