ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| DANIEL RIVERA COLÓN<br><br>Parte Peticionaria<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE P.R. REP. POR EL DEPARTAMENTO DE JUSTICIA<br><br>Parte Recurrida | TA2026CE00232 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>_____<br>Caso Núm.: BY2025CV01302<br>_____<br>SOBRE:<br>DAÑOS |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 27 de marzo de 2026

Comparece Daniel Rivera Colón ("Sr. Rivera" o "Peticionario") y nos solicita que revoquemos la Resolución emitida el 20 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro de instancia" o "foro recurrido"). En esa ocasión, el foro de instancia declaró *No Ha Lugar* la presentación de una demanda de clase.

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari*, **revocamos** la Resolución impugnada y **devolvemos** el caso al foro recurrido para la continuación de los procedimientos.

-I-

A continuación, detallamos los hechos pertinentes a la controversia ante nuestra consideración.

El 28 de febrero de 2025, el Sr. Rivera presentó una *Demanda*[1] por derecho propio en Daños y Perjuicios por

---

[1] Véase Entrada #1 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

no haber recibido la atención médica necesaria para sus condiciones de salud. Además, alegó no haber recibido la alimentación adecuada conforme la recomendación médica. El 9 de octubre de 2025, el Peticionario presentó una moción solicitando representación legal[2]. Así las cosas, el 14 de octubre de 2025, el Departamento de Corrección y Rehabilitación ("DCR") presentó una *Moción de Desestimación*[3]. En síntesis, señaló que el DCR no es la entidad que provee los servicios médicos a la población correccional. Por su parte, añadió que los empleados del área médica no son funcionarios del Estado Libre Asociado de Puerto Rico ("ELA"), sino que *Physician Correctional* es quien provee los servicios médicos a dicha población. Posteriormente, el 27 de octubre de 2025, Carolina Catering Corp. también presentó una *Moción de Desestimación*. Luego de múltiples trámites procesales, el 13 de enero de 2026, el Lcdo. Manuel Fernández Mejías, representante legal del Sr. Rivera, presentó una moción solicitando enmendar la Demanda a fin de presentarla de manera cónsona con el asesoramiento legal que le brindó al Peticionario[4]. Al día siguiente, el foro de instancia emitió una *Orden*[5] concediéndole al Peticionario veinte (20) días para presentar la Demanda Enmendada. Cabe señalar que dicho término fue extendido mediante solicitud de prórroga presentada por el Sr. Rivera.

El 17 de febrero de 2026, el Peticionario presentó una *Demanda Enmendada de Clase*[6]. En esa ocasión, el Peticionario señaló nuevamente el trato que ha recibido por parte del DCR e indicó que el resto de los confinados

---

[2] Véase Entrada #50 del expediente de Primera Instancia en SUMAC.
[3] Véase Entrada #51 del expediente de Primera Instancia en SUMAC.
[4] Véase Entrada #78 del expediente de Primera Instancia en SUMAC.
[5] Véase Entrada #79 del expediente de Primera Instancia en SUMAC.
[6] Véase Entrada #87 del expediente de Primera Instancia en SUMAC.

tampoco ha recibido el tratamiento médico adecuado. Por tal razón, reclamó lo siguiente:

A. El importe de los daños y perjuicios sufridos por el Demandante representativo de los miembros de la clase por las actuaciones negligentes o culposas de los demandados aquí descritas, las que se estiman en la suma de $150,000.00.

B. Una suma fija de cinco mil dólares ($5,000.00) por cada miembro de la clase por el importe de los daños y perjuicios sufridos.

C. Una partida adicional de honorarios para los abogados de la clase equivalente al 25% de la suma de las partidas de los incisos antecedentes y las costas y gastos del procedimiento.[7]

Así las cosas, el 20 de febrero de 2026, el foro de instancia emitió una *Orden*[8] declarando *No Ha Lugar* la demanda de clase. Además, indicó que se presente demanda enmendada, únicamente, respecto al Sr. Rivera. Inconforme con dicha determinación, el Peticionario presentó una *Moción de Reconsideración*[9] alegando que el ordenamiento jurídico faculta a una parte a comenzar una acción de clase mediante enmienda a las alegaciones luego de comenzado un pleito civil. También señaló que "*[n]o existe ningún perjuicio a las demás partes, en la medida que no han contestado la demanda (solo [sic] hay 2 mociones de desestimación) y el caso esta [sic] en su etapa inicial*"[10]. Ese mismo día, el foro recurrido emitió una *Orden*[11] declarando *No Ha Lugar* la solicitud de

---

[7] *Íd.*, págs. 10-11.
[8] Véase Entrada #91 del expediente de Primera Instancia en SUMAC.
[9] Véase Entrada #92 del expediente de Primera Instancia en SUMAC.
[10] *Íd.*, pág. 3.
[11] Véase Entrada #93 del expediente de Primera Instancia en SUMAC.

reconsideración. Inconforme, el 23 de febrero de 2026, el Sr. Rivera presentó una *Petición de certiorari* ante este Tribunal e hizo el siguiente señalamiento de error:

**PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR UNA ENMIENDA A LA DEMANDA PARA SER PRESENTADA COMO DEMANDA DE CLASE**

El 16 de marzo de 2026, el Dr. Marcos Devarie Díaz, Director Médico del Complejo Correccional de Bayamón y el Dr. Jeffrey González Morales presentaron una *Oposición a Certiorari* alegando que no se cumplen ninguno de los criterios para entablar un pleito de clase.

-II-

**A. *Certiorari***

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12]

La Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[12] *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009).

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

*G.* Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

Por tanto, la discreción judicial "*no se da en un vacío ni en ausencia de unos parámetros*", sino que el tribunal revisor debe ceñirse a los criterios antes transcritos.[14]

## B. Enmienda a las alegaciones

La Regla 13.1 de Procedimiento Civil[15] establece el trámite procesal para enmendar las alegaciones. En este sentido, la aludida Regla dispone lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquier de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene.

Cónsono con esta disposición, una vez que las partes han intercambiado alegaciones, solamente podrán enmendarlas con el consentimiento escrito de la parte

---

[13] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 60, 215 DPR ___ (2025).
[14] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[15] 32 LPRA Ap. V, R. 13.1.

contraria o con el permiso del tribunal. Ahora bien, la facultad para conceder permiso para enmendar las alegaciones debe ejercerse liberalmente.[16]

A su vez, existe una clara política judicial de que los casos se ventilen en sus méritos.[17] En atención a esta política judicial es que las Reglas de Procedimiento Civil favorecen la autorización de las enmiendas a las alegaciones.[18] Por consiguiente, los tribunales poseen amplia facultad discrecional para permitir enmiendas a una demanda, aun en etapas avanzadas del procedimiento.[19] Únicamente ante un perjuicio manifiesto a la parte contraria o un claro abuso de discreción al autorizar la enmienda procede la revocación de la determinación de un juez.[20]

No obstante, a pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal para autorizar enmiendas a las alegaciones, esta liberalidad no es infinita.[21] El ámbito de discreción de los tribunales queda sujeto al análisis dinámico y en conjunto, de cuatro (4) criterios establecidos por el Tribunal Supremo de Puerto Rico: "*(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada*".[22]

---

[16] *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012); *Cruz Cora v. UCB/Trans Union P.R. Div.*, 137 DPR 917, 922 (1995).
[17] *Colón Rivera v. Wyeth, supra; S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992).
[18] *Colón Rivera v. Wyeth Pharm., supra.*
[19] *Íd; Pérez Cruz v. Hosp. La Concepción*, 115 DPR 721 (1984).
[20] *Colón Rivera v. Wyeth Pharm., supra.*
[21] *Íd.*, pág. 199; *Romero v. S.L.G. Reyes*, 164 DPR 721, 730 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1975).
[22] *Colón Rivera v. Wyeth Pharm, supra,* pág. 199; *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322 (2010).

## C. Pleito de Clase

La Regla 20.1 de Procedimiento Civil[23] enumera los requisitos que debe cumplir un pleito de clase. A esos efectos, uno o más miembros de una clase podrán comparecer como demandantes o demandados en representación de los miembros de la clase. No obstante, los representantes deberán demostrar que la acumulación de todos los miembros de la clase es impracticable, debido a su numerosidad. Además, los representantes de la clase tienen que: (1) compartir cuestiones de hecho o derecho comunes a la clase, (2) tener las defensas o reclamaciones típicas de la clase y (3) proteger los intereses de la clase de manera justa y adecuada.

Los promoventes del pleito de clase, además, tienen que demostrar que se cumplen los requisitos de la Regla 20.2 de Procedimiento Civil[24]. Es decir, si:

(a) la tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de:

(1) adjudicaciones inconsecuentes o variadas con respecto a miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o

(2) adjudicaciones con respecto a miembros individuales de la clase quienes para todos los fines prácticos dispondrían de los intereses de los otros miembros que no sean partes en las adjudicaciones, o empeorarían o impedirían sustancialmente su habilidad para proteger sus intereses;

(b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general, o

(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los y las miembros de la clase predominan sobre

---

[23] 32 LPRA Ap. V, R. 20.1.
[24] 32 LPRA Ap. V, R. 20.2.

cualesquiera cuestiones que afecten solamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:

(1) El interés de los y las miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;

(2) la naturaleza y el alcance de cualquier litigio relativo a la controversia ya comenzado por o contra de miembros de la clase;

(3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico, y

(4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase.

El pleito de clase viabiliza que una persona o grupo de personas demanden a nombre propio y en representación de otras. Las consecuencias jurídicas procesales para estos últimos serán las mismas que tendrían si hubieran comparecido individual y personalmente al litigio.

El Tribunal Supremo de Puerto Rico explicó los requisitos del pleito de clase en *Cuadrado Carrión v. Romero Barceló*, 120 DPR 434, 449-450 (1988), resuelto durante la vigencia de las reglas anteriores de Procedimiento Civil. No obstante, las reglas actuales tienen las mismas exigencias, a saber: (1) la clase sea tan numerosa que la acumulación de todos los miembros resulte impracticable, (2) existan cuestiones de hecho o derecho comunes, (3) las reclamaciones o defensas de los representantes sean típicas de las reclamaciones o defensas de la clase y (4) que los representantes protejan los intereses de la clase de manera justa y adecuada. La certificación de clase no procede en ausencia de alguno de dichos requisitos.

El requisito de <u>numerosidad</u> cobra importancia, debido a lo impracticable que resulta acumular en un mismo pleito a todos los miembros de la clase por la cantidad

de personas que la componen. Cabe destacar que el número de personas que componen la clase no es decisivo en la determinación de impracticabilidad, ya que este es un asunto que debe resolverse caso a caso conforme a sus circunstancias particulares. Por su parte, el promovente del pleito de clase no tiene que demostrar que la acumulación de sus miembros es imposible, sino que tal proceder crearía serios inconvenientes y obstáculos en la tramitación del caso. Otros factores a considerar son la dispersión geográfica, la posibilidad de que los miembros de la clase puedan ser identificados para propósitos de la acumulación, la cuantía de la reclamación y la habilidad de cada miembro para hacer valer sus derechos. La determinación inicial de si un pleito puede prosperar como acción de clase no puede descansar en la mera especulación. El peso de la prueba recae sobre el promotor de la certificación. No obstante, no tiene que alegar ni probar el número exacto de miembros de la clase, basta con presentar alguna prueba o estimado razonable del número potencial de individuos representados.

Respecto al requisito de comunidad requiere que exista una cuestión de hecho o de derecho común. Además, existe una relación conceptual entre los requisitos de impracticabilidad y comunidad porque ambos se refieren a los miembros ausentes o clase representada. Los representantes y demás integrantes de la clase no tienen que compartir una completa identidad en las cuestiones de hechos o de derecho para que se configure la comunidad. El concepto es cualitativo y no cuantitativo. Únicamente se requiere una cuestión común de hecho o de derecho. La existencia de particularidades especialmente

relacionadas con las defensas oponibles a cada miembro no derrota el cumplimiento de este requisito. La comunidad de intereses es un asunto de hechos que necesariamente hay que fijar antes de que pueda certificarse un pleito de clase.[25]

Los requisitos de <u>tipicidad</u> y <u>adecuada representación</u> describen las características que deben poseer los representantes. Las reclamaciones o defensas de los representantes tienen que ser las típicas de la clase. Este criterio se asemeja en ciertos aspectos al de comunidad. El requisito de tipicidad atiende a la cuestión de si existe una relación entre las reclamaciones de los demandantes y las de la clase que intenta representar. Cuando la reclamación de los demandantes cumple con el requisito de tipicidad, su interés de prevalecer en el pleito es compartido con los demás miembros de la clase. Por esa razón, cuando el representante defiende sus intereses, adelanta los intereses de la clase. Sin embargo, no es necesario que exista una uniformidad impecable.[26] Por otro lado, cuando las reclamaciones o defensas de los representantes no son típicas de la clase, existe un problema inherente de conflicto, porque se incumple con la exigencia mínima de adversidad que caracteriza nuestro derecho adjudicativo. Cabe señalar que el incumplimiento del requisito de tipicidad conlleva la ausencia de una adecuada representación legal.[27]

Por último, la adecuada representación exige al demandante que pretende representar la clase, cumplir con un requisito de génesis constitucional. La adecuada

---

[25] *Cuadrado Carrión v. Romero Barceló, supra*, pág. 452.
[26] *Íd.*, pág. 454.
[27] *Íd.*, pág. 455.

representación de los intereses de los miembros ausentes evita la inconstitucionalidad de la acción de clase, porque garantiza el cumplimiento del debido proceso de ley. Los factores primordiales del análisis de adecuada representación se concentran en torno a: (1) la ausencia de conflicto y (2) las garantías de litigación agresiva y vigorosa. La doctrina ha resaltado la relación que existe entre los prerrequisitos de tipicidad y adecuada representación.[28]

Ahora bien, el tribunal debe realizar un análisis riguroso antes de certificar un pleito de clase. Ello, debido a que este tipo de pleito no se mantiene por la mera alegación del promovente de que se cumplan los requisitos de la regla. El tribunal está obligado a determinar si, en efecto, se cumplen esos requisitos. La celebración de una vista no es mandatoria para que el tribunal se encuentre en posición óptima de cerciorarse de que se satisfacen los requisitos establecidos por la referida regla. No obstante, la celebración de la vista es conveniente. En algunos casos será necesario darles oportunidad a las partes de presentar la evidencia referente al asunto de la certificación. La mera repetición del lenguaje de la regla no es suficiente, ya que es necesario que la demanda contenga unas alegaciones fácticas que indiquen el cumplimiento de cada uno de sus requisitos. Por lo tanto, para que la demanda cumpla con tales requisitos es necesario que las alegaciones evidencien datos suficientes que satisfagan los requisitos de la regla. Sin embargo, de ordinario, la determinación de si procede o no la certificación del

---

[28] *Íd.*

pleito de clase requiere más información de la provista en la demanda. Por esa razón, es aconsejable y conveniente que se les brinde a las partes la oportunidad de presentar en una vista evidencia a favor o en contra del mantenimiento de la acción como pleito de clase. No obstante, el tribunal tiene discreción al respecto.[29]

-III-

En el presente caso, el Peticionario nos solicita la revocación de la *Resolución* emitida el 20 de febrero de 2026, en la que el foro de instancia declaró *No Ha Lugar* la *Demanda Enmendada de Clase* y ordenó enmendar la Demanda original, únicamente, respecto al Sr. Rivera.

En nuestro ordenamiento jurídico existen dos (2) posibles escenarios para cuando una parte interesa enmendar las alegaciones. En primer lugar, cuando no se ha notificado alegación responsiva o su alegación es de las que no admite alegación responsiva y el pleito no ha sido señalado para juicio, la parte podrá enmendarla dentro de los veinte (20) días de haber notificado su alegación. Ahora bien, en cualquier otro caso, la parte interesada en presentar la enmienda deberá contar con el permiso del tribunal o con el consentimiento escrito de la parte contraria.

Según surge de los autos del caso, luego de que el licenciado Manuel Fernández Mejías asumiera la representación legal del Sr. Rivera, este solicitó permiso para enmendar la Demanda, a lo que el foro de instancia accedió. Siendo así, el Sr. Rivera presentó una *Demanda Enmendada de Clase* en la que incluyó a "*todos aquellos confinados en situación similar*".[30] Sin embargo,

---

[29] *García v. Asociación*, 165 DPR 311, 320-321 (2005).
[30] Véase Entrada #87 del expediente de Primera Instancia en SUMAC, pág. 2.

el foro recurrido, sin haber celebrado vista, ordenó al Peticionario a que la enmienda fuera, únicamente, respecto a su persona.

Las Reglas de Procedimiento Civil favorecen la autorización de las enmiendas a las alegaciones. Por tal razón, los tribunales tienen amplia discreción para permitir enmiendas a una demanda, incluso en etapas avanzadas del litigio. En el caso de epígrafe, la enmienda a la demanda fue con el fin de convertir el pleito en uno de clase. A tales efectos, el foro sentenciador tiene el deber de considerar una serie de factores. Primeramente, el tribunal deberá evaluar la numerosidad de la clase. Es decir, si debido a la gran cantidad de confinados que la componen, resultaría impracticable el que se atiendan las reclamaciones de manera individual. Por su parte, se deberá evaluar si el Sr. Rivera y el resto de los confinados que componen la clase, comparten cuestiones de hecho o de derecho, como lo sería en este caso la alegada negligencia al proveer servicio médico. Además, el tribunal deberá asegurarse de que el Peticionario tiene las defensas o reclamaciones típicas de la clase y, finalmente, que protege los intereses de la clase de manera justa y adecuada.

En el caso de epígrafe, una vez el Sr. Rivera presentó la *Demanda Enmendada de Clase*, el foro de instancia, de manera automática, la declaró *No Ha Lugar.* Ahora bien, según explicamos en el acápite II, el Tribunal debe realizar un análisis riguroso cuando se encuentra ante una posible certificación de pleito de clase. Sobre este particular, nuestro más alto foro ha expresado que el tribunal está obligado a determinar si, en efecto, se cumplen los requisitos establecidos en las

reglas 20.1 y 20.2 de Procedimiento Civil, *supra*. Por esa razón, es conveniente la celebración de una vista donde las partes puedan presentar evidencia a su favor.

En el caso ante nos, el foro de instancia no celebró la referida vista y tampoco surge del expediente que se haya hecho un análisis de los múltiples factores a considerar, necesario en casos como el que nos ocupa. A tenor con lo anterior, devolvemos el caso al foro recurrido para que actúe de conformidad con lo antes expresado.

-IV-

Por los fundamentos antes esbozados, **expedimos** el auto de *certiorari*, **revocamos** la determinación impugnada y **devolvemos** el caso al foro de instancia para la celebración de una vista, conforme a lo aquí expresado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La juez Aldebol Mora concurre con el resultado y desea consignar que, a su juicio, el error señalado por el peticionario, Daniel Rivera Colón, se cometió, debido a que correspondía que el Tribunal de Primera Instancia permitiera la *Demanda Enmendada de Clase* que este presentó, en lugar de desestimarla de manera automática.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*